## ALBERT S. WILSON *vs.* THE WALTERSVILLE SCHOOL DISTRICT.

A vote of a school district directing the committee of the district not to re-employ a certain teacher, which was of no legal effect from want of notice of the matter in the warning, held to be inadmissible as proof of the state of feeling on the part of the district with regard to the matter.

And if the fact that a large number had thus shown their opposition to the teacher were admissible in evidence upon proper proof, yet a copy of the vote certified by the clerk of the district would not be proper proof of that fact.

The certificate of the clerk imported verity only as to those matters upon which the district might lawfully act.

SPECIAL ASSUMPSIT for breach of a contract to employ the plaintiff as a school-teacher, with a count in general assumpsit for services rendered; brought to the Superior Court in Fairfield County, and tried to the jury on the general issue, with notice, before *Hitchcock, J.* Verdict for the defendants, and motion for a new trial by the plaintiff for error in the rulings of the court. The case is sufficiently stated in the opinion.

*I. M. Sturges* and *D. Davenport,* in support of the motion.

*W. K. Seeley* and *C. Thompson,* contra.

LOOMIS, J. This action was brought to recover damages for the refusal, on the part of the defendants, to receive the services of the plaintiff, as principal of a public school in the defendant district, in violation of an alleged contract in writing signed by the plaintiff and by two members of the district committee.

One point of the defence made at the trial was that the committee consisted of three-members, and that two of them, without the knowledge of the other, fraudulently conspired and colluded with the plaintiff to make the pretended contract, knowing at the time that it was against the wishes of the members of the district, and of the parents of the pupils attending school therein, and to the detriment of the school.

In support of this claim the defendant offered in evidence the record of the vote of the meeting of the district of May 16th, 1872, which instructed the committee not to re-employ the plaintiff. To the admission of a copy of the record of this vote, (attested by the clerk in the ordinary manner,) the plaintiff objected, on the ground that the meeting was a special one, and that the subject of hiring a teacher or instructing the committee not to hire the plaintiff was not specified in the warning, and that the year in which the meeting was to be held was not mentioned.

The court ruled that the evidence was not admissible for the purpose of showing that there was any legal action taken at the meeting in reference to the re-employment of the plaintiff, but admitted the same as tending to show the extent of the dissatisfaction existing in the district towards the plaintiff as teacher, and the knowledge on the part of the committee of the existence of the dissatisfaction of the district towards the plaintiff.

Was this ruling correct? The warning for the meeting contained no reference whatever to the subject-matter of the vote, and no year was specified during which the meeting was to be held. By the provisions of the statute, (Revision of 1875, p. 83, sec. 1,) and the repeated decisions of this court, such a warning must be regarded as illegal and void. *Hayden* v. *Noyes,* 5 Conn., 391; *Willard* v. *Killingworth,* 8 Conn., 247.

The ruling we are called upon to review recognized the illegality of the warning and the consequent invalidity of the vote, so far as it instructed the committee not to re-employ the plaintiff, but at the same time validity was given to the vote for the purpose of showing the dissatisfaction existing in the district towards the plaintiff. This distinction at first blush seems plausible, but upon reflection we do not regard it as well founded.

In the first place, the reasons for holding the vote void which directed the committee not to employ the plaintiff, apply with equal force to the same vote as indicating the dissatisfaction of the district. As no notice was given to the voters of the district that any such subject would come before the meeting, there was no special motive moving the friends of the plaintiff to attend. The presumption therefore is that a vote thus obtained did not truly represent the voice of the district in any respect.

In the next place, the real question was, not whether the *fact* that such a vote was passed tended to prove dissatisfaction, but whether the copy of the vote, attested by the clerk in his official capacity, was competent evidence to prove the dissatisfaction. If the copy proved anything, it proved the

dissatisfaction of the district in its corporate capacity; but, as we have seen, for want of notice the district had no right to vote on the subject at all so as to affect the legal rights of any person.

But it may be suggested, in this connection, that the vote referred to, if not the voice of the district proper, was at least indicative of the dissatisfaction of the voters present who passed it. But the difficulty that meets us here is, that such fact cannot be proved by the unsworn statement or copy sent up by the clerk. The clerk's official certificate imports verity only as to those matters upon which the district might lawfully act. If therefore the meeting is considered as an informal assembly of the voters in the district, the clerk's unsworn statement of what took place could stand on no higher ground than the unsworn statement of any individual who happened to be present. It would be mere hearsay evidence in either case. If it became important to prove what was said and done at the meeting in question, it could, and should, have been so proved by the oath of some one who knew the facts.

It would seem from the record that there must have been some such evidence showing some part of the proceedings at that meeting; and if so, the question is suggested whether any harm was really done to the plaintiff by the admission of the record to prove the vote referred to. We think however that the plaintiff may have been prejudiced by this ruling. Although the court in terms qualified its admission by saying it had no legal effect to prevent the hiring of the plaintiff, yet while it stood as a formal vote of the district its moral effect must have been great. The jury would be apt to think that morally it deprived the committee of the power to make the contract, if it did not technically and legally.

There are some other questions of minor importance raised upon the record which we do not deem it necessary to discuss. A new trial is advised.

In this opinion the other judges concurred.