CATHERINE HARRIS *vs.* THE CITY OF ANSONIA ET AL.

73  359
75  270

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A dedication of land for highway purposes made by one of several tenants in common, is available as a defense in an action of trespass brought by the donor against the municipality for entering upon and using the land as a highway.

Where the question of estoppel is one for the decision of the jury upon all the facts and circumstances in the case, the trial court may properly decline to charge that the plaintiff would be estopped if the jury found the facts which a portion only of the evidence tended to establish. The evidence cannot thus be separated and used to withdraw the question of estoppel from the jury.

It is not essential that the precise amount of the damage resulting to a landowner from the change of grade in a highway and the destruction of shade trees, should be proved by the direct testimony of witnesses; the jury may determine the amount of the loss from personal inspection, or from accurate photographs of the premises.

A photograph which is found by the trial court to be so inaccurate and

misleading as to be of no value as evidence, may properly be excluded; and its decision upon this preliminary question is one that can rarely be reviewed.

The parties were at issue as to the true location of a highway which had been laid out in 1850. A witness for the defendant testified that it had set stakes in 1875 to mark the true line, and on his cross-examination said that this staked line crossed *C's* place, which was some distance from the plaintiff's premises. *Held* that he might then be asked how this line ran with reference to *C's* house, an ancient landmark, inasmuch as if the true line ran as contended, some reference might naturally have been made to *C's* house in the recorded layout.

One surveyor cannot give his naked opinion as to what another surveyor meant, fifty years ago, by omitting fractions of degrees in a written description of certain courses and distances; although proof of a custom to omit them at the earlier period would have been admissible.

Proof of an existing custom as to laying out highways is inadmissible to prove that a road laid out fifty years ago conformed to it, unless there is some evidence that the same custom then existed.

Where a city charter vests the power to establish street lines and to assess the resulting benefits and damages, in its court of common council, consisting of two boards which are to meet separately, a joint meeting of the two bodies has no jurisdiction of those matters.

The minutes of a tribunal upon a subject-matter over which it has no jurisdiction are mere hearsay.

An Act validating all city assessments for grading or improving streets, presupposes jurisdiction to make them, and only cures irregularities in the exercise of such power.

Where the plaintiff's long acquiescence is relied upon as a bar, he may show that want of means prevented his bringing suit earlier.

Final judgment in a cause should not be rendered until all the material issues, legal and equitable, have been disposed of, either by withdrawal or by trial.

When any issue is not found for the prevailing party, the judgment should be signed by the judge, in order to make sure that it shows all that was in fact adjudicated.

The refusal of the trial court to set aside a verdict as against the evidence, and its rulings and charge, if claimed to be erroneous, should all be united in one appeal; two appeals are unnecessary and improper.

Argued October 23d—decided December 18th, 1900.

ACTION for damages for a trespass to lands adjoining a highway in Ansonia and for an injunction against its repeti-

tion, brought to the Superior Court in New Haven County where a demurrer for misjoinder of causes of action was sustained (*Prentice, J.*), and afterwards the claim for legal relief was tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $175 damages, and appeal by the defendants for alleged errors in the rulings and charge of the court. *Error and new trial ordered.*

The defendants also appealed from the refusal of the court to grant a new trial upon the ground of a verdict against evidence, and because the damages awarded were excessive. *No error in this ruling.*

The alleged trespass was committed by the agents of the city of Ansonia in repairing and improving a highway, originally laid out in 1850 by the County Court. The city claimed that the land in controversy was included within the limits of this highway, and it was admitted that it had been used for highway purposes by the public generally, for many years, and repaired by the defendant, and the town of Derby, its predecessor. An ancient map of Derby, made in 1852, was also introduced, on which the highway was delineated. The plaintiff offered evidence tending to prove that this use of her land for highway purposes was against the protest of her father, who held the title as a tenant by the curtesy until six years before the date of the action. The defendant offered evidence tending to prove that while he at first protested, it was finally arranged between him and the plaintiff, and the selectmen of Derby, that the former should withdraw their opposition, in consideration of the town's not moving back, beyond a certain point, a stone wall, which he claimed and they denied to be the front boundary of his land.

The other facts and rulings material to the appeal are sufficiently stated in the opinion.

*V. Munger*, for the appellants (defendants).

*Charles S. Hamilton* and *Denis T. Walsh*, for the appellee (plaintiff).

BALDWIN, J. The plaintiff claimed title to the land in

question by inheritance from her mother, who died in 1867, and by purchase of the interests of her brothers and sisters who were coheirs. These purchases were made after the death of her father, which occurred in 1892. From 1867 to 1892 he was tenant by the curtesy of whatever land had been the property of his wife.

The defendant claimed, among other things, that in 1875 the land had been dedicated for a highway by the plaintiff, under an agreement between herself and her father on the one hand, and the selectmen on the other. On this point the court instructed the jury that her father could not, by any act of dedication, bind the owners of the reversion, nor could any one of them bind the others by any act; and that no highway could be established over the land by a dedication of it unless all of the owners of the reversion either participated in it or assented to such dedication.

This charge was misleading with respect to the point in issue. As to this, the only important question was whether there had been a dedication which was a defense to the present suit by the present plaintiff. If, in 1875, she did what the defendant asserted that she did, it was of no consequence that she did not bind the other cotenants. She bound herself. Her right of possession extended to every part of the common estate. If an action in the nature of trespass *quare clausum fregit* had been brought, before she bought out the coheirs, against one using this land for highway purposes in consequence of her acts of dedication, it would have been necessary to join all the tenants in common as coplaintiffs, and a release by one would have barred the suit. *Austin* v. *Hall*, 13 Johns. 286; 2 Sw. Dig. *103. A license from one would, for like reasons, have been a good defense against all; and a dedication by one would be, to say the least, of no less effect. The plaintiff's purchase of the title of the others certainly could not diminish the defendant's rights.

The question whether there had been either a license or a dedication was properly left to the decision of the jury. The facts admitted were insufficient to make it a question of law.

Nor was the court bound to comply with the defendant's

request for a charge that if the plaintiff knew that the defendant had expended, from time to time, large sums and was about to expend much more, in grading and macadamizing the land in question, under the claim that it was part of the highway, and did not forbid it, then she could not recover for acts thus done in the belief that this claim was just, and in reliance on her consent or acquiescence. Part of the evidence in the case could not thus be separated from the rest, and used to withdraw the question of estoppel from the jury.

The plaintiff alleged as special damages the cutting down of a large shade tree and changes of grade, and offered proof of the size of the tree and that these acts were done by the defendant. Photographs were also introduced showing the appearance of the premises after the acts complained of; but there was no direct evidence as to the particular amount of damage sustained. Error is assigned because, under these circumstances, the jury were instructed that if they found for the plaintiff, they could award her the actual damages sustained, and that the burden of proving the extent of these rested upon her. This charge was correct. It was eminently a case for the jury to determine the amount of loss, and it was not necessary to produce witnesses to measure it in money. The consequences of the acts spoke for themselves, and the photographs, if found to be faithful representations of the scene, took the place of a personal view.

The defendant offered in evidence a photograph of the highway in front of the plaintiff's premises, and of a place owned by a third party, adjoining hers; and the photographer who had taken it, two years before, testified to its correctness. After a lengthy cross-examination, the court, having inspected the photograph, found that it did not fairly represent anything in a way which could be of any assistance to the jury in determining the case, but was rather of a nature to confuse and mislead them; and so excluded it. There was no error in this ruling. Photographs of a stretch of road, with fences and houses, can never represent such objects in exactly their true proportion and relation to each other.

Whether they show these proportions and relations sufficiently to be of value as evidence in the trial of a cause, is a preliminary question to be decided by the court, and as to which its decision can rarely be reviewed. *McGar* v. *Bristol*, 71 Conn. 652, 653; *Cunningham* v. *Fair Haven & W. R. Co.*, 72 id. 244, 249. In the present case there is nothing on the record which indicates that the evidence was improperly excluded.

Fisk, a witness for the defendant, who testified that in 1875 a line of stakes had been set up by the town of Derby across the plaintiff's land, to indicate the true line of the highway as laid out in 1850, having stated on cross-examination that this line was continued so as also to cross the Clausen place (an estate situated some distance north of the plaintiff's and not contiguous to it), was further asked by the plaintiff where this line went, as regarded the Clausen house, which was a house standing in 1850. This question was properly allowed. The house was an ancient landmark to which, had the survey of the highway included it, some reference might have been expected in the layout.

This layout gave each course as running on a line described as of a certain number of degrees, no minutes being stated in any instance. A civil engineer, called by the defendant, was asked what was the significance of this. The question was claimed on the ground that it was not reasonable to suppose that the inclination of every line could be exactly measured by even degrees, and therefore, that it was to be presumed that there were fractions of degrees which had been disregarded. It was properly excluded. Had a custom existed in 1850 among land surveyors in Connecticut to omit fractions of degrees in describing curves, this could have been proved; but all that this question called for was a naked opinion as to what another engineer, or the county court, fifty years before, had meant by a written description of certain mathematical lines.

The highway in question was laid out in the valley of a river which it was finally to cross by a bridge. Its course was turned at or near the point where the bridge was to be

built; and the location of the place where it was thus turned was in dispute. The defendant called a civil engineer of experience in laying out highways, and inquired as to what the custom is in laying out such highways in respect to their proximity to the bank, where they are to connect with a bridge. This question was properly excluded. It was not claimed that any custom in this particular existed in 1850. A custom of half a century later was of no importance.

The common council of the defendant city consists of two branches, the board of aldermen and the board of councilmen, each of which is to meet separately. The defendant offered in evidence the minutes of certain joint meetings of both boards, held in 1896, duly certified by the city clerk. The minutes stated that at these meetings votes were passed which referred to previous action of the common council as establishing the lines of Clifton Avenue in front of the plaintiff's premises, and thereupon constituted certain persons a committee to assess benefits and damages; that this committee afterwards reported that it had heard all the parties in interest, including the plaintiff, who claimed no damages and denied having received any benefits; and that this report was accepted and the benefits and damages to the plaintiff assessed as equal. This evidence was properly excluded. While the city charter (Special Acts of 1893, p. 943, § 23) makes all records of the proceedings of the common council kept by the city clerk "evidence in all courts of the truth of the matters therein contained," this can only refer to the record of matters upon which the common council could lawfully act. *Wilson* v. *Waltersville School District*, 44 Conn. 157, 160. Its two boards could not lawfully act at a joint meeting in respect to establishing street lines or to assessing resulting benefits or damages. Such a joint meeting, furthermore, was not a meeting of the common council, and the record of its doings was mere hearsay.

The validating statute of 1897 (Public Acts of 1897, p. 963, § 12), which confirms all assessments of benefits or damages by any city by reason of the grading or improvement of any street, cannot be construed as embracing assess-

ments by a body having no authority whatever to make assessments. It presupposes jurisdiction to make them, and only cures irregularities in exercising a power lawfully possessed.

The defendant, both in its pleadings and proof, insisted on long acquiescence by the plaintiff in its course of conduct with reference to the street in question, as a bar to her present claims. To rebut this she was properly allowed to testify that she had not brought suit earlier for want of means.

Error is assigned as to certain other rulings upon evidence, as to which it is sufficient to say that the circumstances giving rise to them are not likely to recur on a new trial, nor is any point of practice involved which can be considered of general importance.

Issues of fact were joined upon allegations in the original complaint, which are not disposed of by the judgment. These allegations were to the effect that certain proceedings were had in 1894, at joint meetings of the two boards of the common council, relative to the establishment of the lines and grade of Clifton Avenue, which were void; but that, nevertheless, the defendant was proceeding under them, and threatened to employ irresponsible persons to throw part of the plaintiff's land into the street, whereby she would be irreparably injured and a multiplicity of suits occasioned. The judgment recites that equitable relief was claimed; that the plaintiff was required to separate and did separate her causes of action at law from those of an equitable nature; and that the verdict of the jury was rendered upon the former only; and concludes thus : —

"Whereupon it is adjudged that the plaintiff recover of the defendants one hundred and seventy-five dollars damages, and her costs, taxed and allowed at                dollars,           cents.

"By the Court,
"John S. Fowler,
"Assistant Clerk."

It was irregular thus to proceed to final judgment upon the

Harris v. Ansonia et al.

entire cause, when only a part of the issues had been tried. If the plaintiff withdrew so much of her complaint as related to equitable relief, that fact should have been recited. If it was not withdrawn, each of the parties was entitled to a further hearing upon it. Neither, however, has taken any exception to this procedure, and as there is error otherwise apparent upon the record, we mention it only to call attention to the importance of having all judgments signed by the judge, when any of the issues are not found for the prevailing party. Rules of Court, Ed. of 1899, p. 33, § 95. His signature is required to make sure that the judgment shows all that was in fact adjudicated, and brings the cause to a proper and final conclusion.

The motion to set aside the verdict was properly denied. The ancient map of Derby, to mention nothing else, was a piece of evidence on which, when compared with the layout of the highway, the jury might fairly have found that the *locus in quo* belonged to the plaintiff; and the photographs of the land, after the defendant's entry upon it, sufficiently indicated substantial damage, and justified the amount at which it was assessed.

The defendant filed an appeal in March, from the judgment, on the ground of error in overruling this motion and in rendering judgment upon the verdict. It then, in May, after the finding of facts had been completed, filed a separate appeal, assigning errors in the conduct of the trial prior to the verdict. Two appeals were unnecessary and improper. *McCusker* v. *Spier*, 72 Conn. 628. The second should have been combined with the first by way of amendment.

There is error and a new trial is ordered; but in view of the unfounded and unnecessary appeal from the denial of the motion to set aside the verdict as against the evidence, no costs will be taxed in this court for either party.

In this opinion the other judges concurred.