HARMON VOLTZ vs. ORANGE VOLUNTEER FIRE ASSOCIATION, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued March 6th—decided April 3d, 1934.

*Robert J. Woodruff,* for the appellants (defendants).

*Edwin G. Hayes,* for the appellee (plaintiff).

BANKS, J.   The named defendant is a volunteer fire association organized for the purpose of fighting fires in the town of Orange, which does not maintain a fire department, but has made annual appropriations in favor of the defendant.  It maintained a fire house and a motor driven combination hose wagon and pumper.  On November 26th, 1931, there was an alarm of fire, and the plaintiff, who was not a member of the association but lived near the fire house, proceeded to the fire house, mounted the driver's seat of the truck, and manipulated the "choke" while a young man who was there turned the engine over with a crank, which the plaintiff had procured from behind the cushion of the seat.  While the plaintiff was thus engaged the defendant Brown, assistant chief of the association and one of the authorized drivers of the truck, came into the fire house and after the engine was started climbed up on the driver's seat and took his position behind the wheel, while the plaintiff slid across the seat toward the other side of the truck and started to get off. Brown started the truck, and as it was being driven out of the fire house the plaintiff fell or was thrown

from the truck and sustained the injuries for which he is seeking to recover. The plaintiff claimed that he told Brown he was going to get off the truck, and that the latter, though he knew the plaintiff was getting off, so operated the truck that it suddenly jumped forward and threw the plaintiff off. The defendants claimed that Brown did not know that the plaintiff was getting off the truck, and did not know that he was injured until he was so informed at the scene of the fire. The defendants appeal from the denial of their motion to set aside the verdict, and for alleged errors in the charge to the jury and the refusal to charge as requested, and in certain rulings on evidence.

Defendants requested the court to charge that the plaintiff was a trespasser, and that the defendants owed him no duty other than to avoid wilfully injuring him, and that they were under no obligation to exercise any degree of care for his protection while he was in the fire house. The court charged that the plaintiff, when he mounted the truck, was a volunteer and as such was, under the circumstances, a trespasser, and that if the driver of the truck did not know that he was in a position of peril his only duty toward him was to refrain from conduct which was wanton or wilful. It further charged that if the driver of the truck knew of the plaintiff's presence upon it, and that he was in a position of peril, it was his duty to use the care and caution that a reasonably prudent person would use under the circumstances to refrain from injuring him. This was a correct statement of the duty owed to a trespasser whose presence is known, *Kalmich* v. *White*, 95 Conn. 568, 111 Atl. 845, and a charge to which the plaintiff was entitled in view of his claim that his presence on the truck and his intention to leave it were known to the driver.

The defendants requested the court to charge that

in responding to an alarm of fire the defendants were performing a public duty, that they were not responsible for any injuries to others occurring in such service, and were not obliged to exercise any degree of care for the protection of the plaintiff, and that especially this was true if the town of Orange accepted the services of the association as a fire fighting force and contributed to its support. The court did not so charge, but charged that, while the defendant association was a corporation performing meritorious services, it was not a municipal corporation and was not entitled to the immunity ordinarily granted such a corporation from liability for the negligence of its servants and agents in the performance of its governmental functions. The association was not a branch or department of the town but an independent corporation voluntarily assuming to perform certain functions which the town itself might have performed, and it is liable for the negligence of its servants or agents acting within the scope of their authority. *Bennett* v. *Mount Vernon,* 124 Iowa, 537, 542, 100 N. W. 349; *Gay* v. *Engebretsen,* 158 Cal. 21, 24, 109 Pac. 876.

The defendants make the claim in their brief that their actions should be measured by the same rule as though they were paid employees of the town of Orange, in which case, they say, the plaintiff would have no claim at all since he would have been injured by a public fire engine operated in the line of governmental duty. This claim involves a misconception of the doctrine of governmental immunity, which does not extend to the protection of the employee of the municipality from the consequences of his own negligence. The driver of a fire truck is liable to one injured by his negligent driving, though the municipality employing him is exempt from liability. *Florio* v. *Jersey City,* 101 N. J. L. 535, 129 Atl. 470, and cases cited in the

annotation to that case in 40 A. L. R. 1358. The court correctly charged that the defendant association was not entitled to immunity from liability for the negligence of the driver of its truck.

The defendants' contention that, because of the emergency existing when an alarm of fire was given to which the fire apparatus must respond without delay, the driver of the apparatus was not bound to exercise reasonable care for the safety of others, and that the court should have so charged, is without merit. "The driver of fire apparatus, proceeding to a fire, is bound to exercise the care and control for his own safety and that of others which is reasonable under the circumstances." *Tefft* v. *New York, N. H. & H. R. Co.*, 116 Conn. 127, 134, 163 Atl. 762. The court correctly charged the jury that, if they found that whatever the driver of the truck did "conformed to what a reasonably prudent man driving that truck or starting it up under the circumstances would have done, then he was not guilty of negligence; if it did not, he was guilty of negligence."

The reference in the charge to what had apparently been some display of enmity between the parties or the witnesses during the trial, and the direction to the jury to give no consideration to such matters, was not subject to criticism, and in no event could have been harmful to the defendants.

The defendants' offer of proof that when this action was brought the plaintiff attached the fire truck as the property of the defendant association was properly excluded as immaterial. A photograph of the fire house offered by the defendants was properly excluded since it appeared to the court from testimony of the witness through whom it was offered that it did not represent conditions as they existed at the time of the accident. Whether a photograph shows a situation

with sufficient accuracy to render it admissible, is a preliminary question for the court, whose action thereon can rarely be reviewed. *Cunningham* v. *Fair Haven & W. R. Co.*, 72 Conn. 244, 249, 43 Atl. 1047; *Harris* v. *Ansonia*, 73 Conn. 359, 364, 47 Atl. 672; *Skaling* v. *Sheedy*, 101 Conn. 545, 551, 126 Atl. 721.

The court instructed the jury to disregard a statement made in argument by counsel for the defendants. The statement had reference to a matter which, as the case was tried, became entirely immaterial, and the instruction could not have harmed the defendants.

The court did not err in denying the defendants' motion to set the verdict aside as against the evidence. Their claim that neither defendant could be held liable for negligence because they were engaged in the performance of a public duty has already been discussed. The claim that the plaintiff, by voluntarily entering the fire house and climbing on the truck assumed the risks involved, cannot be considered since it was not pleaded as a defense. *French* v. *Mertz Co.*, 116 Conn. 18, 163 Atl. 457. Whether the plaintiff was, under all the circumstances, guilty of contributory negligence, was a question of fact for the jury.

There is no error.

In this opinion the other judges concurred.