FLORENCE E. DOHERTY *vs.* OAKLAND BEACH VOLUNTEER
FIRE COMPANY.

FRANCIS E. DOHERTY *vs.* SAME.

DECEMBER 4, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. These two actions of the case were brought by a wife and her husband respectively to recover for damages alleged to have been sustained by them by reason of a collision between an automobile operated by the husband and in which his wife was riding as a passenger and an automobile truck being operated by the defendant corporation. The plaintiffs in their declarations allege that the collision was caused by the negligent operation of the truck by the defendant's servants in the course of their employment and without negligence on the part of the respective plaintiffs.

At a jury trial of the two cases together in the superior court the plaintiff in each case recovered a verdict for $1000. A motion, on the usual grounds, by the defendant for a new trial in the wife's case was denied. In the husband's case such a motion was granted unless he remitted all of the verdict in excess of $250, but was denied if he remitted such excess. He filed such remittitur and the motion was therefore denied. The cases are now before us on bills of exceptions filed by the defendant.

The collision occurred April 1, 1940, about 7:10 p. m., in the city of Warwick in this state in the intersection of Warwick avenue, a public highway running approximately north and south, and another public highway running approximately east and west and known as West Shore road to the east of the intersection and as Occupasspatuxet road to the west thereof. The corners of the intersection were somewhat cut off, thus enlarging the open space, except at the southeast corner, where there was a grass plot or "island". Near the northwest corner of this "island" there was an elm tree about four feet in diameter and considerably obscuring the view of one entering the intersection from the east and looking to the southwest. Near the center of the intersection there was a "stop and go" overhead light.

In accordance with the defendant's articles of association its truck was adapted to the purpose of carrying members of the corporation to burning buildings or other dangerous fires in the city and providing means for extinguishing such fires, and to the purpose of rescuing persons who were injured or in danger of injury. On this occasion it was being used for the latter purpose.

According to the evidence by and for the plaintiffs the plaintiff Francis Doherty was driving his car westerly on West Shore road, approaching the intersection from the east and intending to proceed through it into Occupasspatuxet road. Next to him, on the same seat, was his wife and on her right was a woman friend of hers. Neither of the women had anything to do with the operation of the car.

As it approached the intersection, at a speed of twenty to twenty-five miles per hour, with its lights on, the traffic control light facing the plaintiffs was red; and the driver therefore slowed down the car. When he was about 100 feet from the intersection, the light turned green and he continued on, going at second speed and keeping to the right of the light, without looking either to his right or to his left. Very soon after passing the center of the intersection his

car was struck on its left side by the defendant's converted Ford truck, known as the "rescue wagon", and was badly damaged. As a result of the collision both of the plaintiffs were seriously injured. They both testified that until the collision occurred they had heard no siren, horn or bell and had not seen or heard this truck.

There was evidence by the members of the defendant corporation who occupied the truck that the siren, with which it was equipped, sounded continuously, with varying pitch, from the time when the truck left its station until the collision occurred and that its blinker light was on; that the truck was driven at about thirty-five miles per hour until it entered the intersection, when it was slowed down to about twenty-five miles per hour. The driver testified that the overhead light was green as he entered the intersection; that he saw the Doherty car approaching from his right and that it seemed to slow down; that when it did not he "jammed on" his brakes and swung to his left, but that the two vehicles came together, the right front wheel of the truck colliding with the forward left portion of the car.

There was also evidence that he told a member of the state police that as he neared the intersection the traffic light turned from green to yellow, "caution"; that he was almost under it when it turned red; and that he thought that the Doherty car was going to stop but it "kept on coming." In rebuttal for the plaintiffs there was testimony by a disinterested witness that when the truck entered the intersection the traffic light facing it was red.

The main contention, which in each case is relied upon by the defendant, is that it was a public charitable corporation performing a governmental function and as such was not liable for damages under the doctrine of *respondeat superior*. In each case a motion, based upon that contention, for the direction of a verdict in its favor was denied by the trial justice and an exception to the denial was taken and included in the defendant's bill of exceptions.

It is asserted by the defendant and conceded by the plaintiffs that if the city had, as authorized by statute, established a fire department, with officers and employees appointed and paid by the city, the city would not be liable for any damages caused by their negligence. The defendant contends that for the same reason it should likewise be held to be free from such liability because, upon the undisputed evidence, it was formed, according to its charter, for the purpose of extinguishing fires and for the protection of life and property within the city; its members were volunteer firemen, serving without compensation; and its sole source of funds was dues from its members and annual contributions by the city of Warwick.

The defendant cites some authorities in support of this contention; and the plaintiffs cite some authorities in support of the contrary contention. After consideration of all these authorities we are of the opinion that the correct rule, applicable to the instant cases, is well stated in *Voltz* v. *Orange Volunteer Fire Assoc., Inc.,* 118 Conn. 307. There a vital question involved was whether a volunteer fire association very closely similar to the defendant in the instant cases could be held legally responsible for injuries to the plaintiff, which were caused by negligence in the operation of its truck by its driver in responding to a fire alarm. In the opinion, at page 310, the court says: "The association was not a branch or department of the town but an independent corporation voluntarily assuming to perform certain functions which the town itself might have performed, and it is liable for the negligence of its servants or agents acting within the scope of their authority."

After due consideration we are of the opinion that the trial justice did not, in either of the instant cases, err in not sustaining, on the ground of the nature of the defendant corporation, the defendant's motion for the direction of a verdict in its favor.

In the wife's case the defendant's bill of exceptions included an exception to the denial of its motion for a new

trial. The only grounds on which, before us, it relied in support of that exception were that she had not shown, by a preponderance of the evidence, that the defendant was guilty of negligence in the operation of its truck and that she had not thus shown that she was free from contributory negligence. After considering the pertinent evidence we are of the opinion that the exception should not be sustained on either of these grounds.

In that case the defendant's counsel in their brief and argument before us relied only upon one other exception, *viz.*, that the trial justice erred in admitting *in rebuttal,* against the defendant's objection, testimony, above stated, that when its truck entered and proceeded in the intersection the traffic light against it was red, though its witnesses had testified that it was on caution. We are of the opinion that under the circumstances of the case this was proper rebuttal evidence and that this exception should not be sustained. See *Souza* v. *United Electric Rys. Co.,* 49 R. I. 430, 432; *Horaho* v. *Wanelik,* 56 R. I. 193, 203. Our conclusion in the wife's case is that all the exceptions relied upon by the defendant should be overruled.

At the conclusion of all the evidence the defendant made a motion in the husband's case for the direction of a verdict in its favor, on the ground that the evidence showed that "he was guilty of contributory negligence in going through the intersection." Upon consideration of all the evidence on this subject and the law applicable thereto, we are of the opinion that the evidence did not so clearly show that he was thus guilty of contributory negligence that a verdict should have been directed for the defendant. We therefore find that the defendant's exception to the denial of this motion should be denied.

Although the defendant filed in the husband's case an exception to the decision of the trial justice upon its motion for a new trial, it did not, in its brief or argument before us, rely upon that exception. It therefore should be overruled. We find no merit in any of its other exceptions.

In each of these cases all of the exceptions of the defendant are overruled. The wife's case is remitted to the superior court for the entry of judgment upon the verdict; and the husband's case is remitted to that court for entry of judgment upon the verdict as reduced by the remittitur filed by him.

*James H. Kiernan, Sidney L. Rabinowitz,* for plaintiffs.
*Edward L. Godfrey, for defendant.*