DAVID W. JABS ET AL. *v.* TOWN OF BURLINGTON ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 121962

Memorandum filed January 3, 1962

*Herbert Watstein,* of Bristol, for the plaintiffs.

*Regnier & Moller,* of Hartford, for defendants town of Burlington and John Reeves.

FITZGERALD, J. The within case was returned to court on the first Tuesday of August, 1960. It is one in which a minor plaintiff, suing through his mother, is seeking to recover damages for personal injuries, and the mother, as a coplaintiff, is seeking to re-

cover for medical expenses incurred and to be incurred in the treatment of her minor son.

The defendants are four in number, namely, the town of Burlington, Burlington Men's Club, Inc., board of education of Burlington, and one John Reeves, whose status may be said to be that of a municipal employee. The episode in suit is referable to alleged injuries suffered by the minor plaintiff on or about July 7, 1959, when playing ball in the yard of the Burlington Consolidated School. The second and third named defendants, acting through separate counsel, have filed answers to the complaint, both of which contain special defenses of contributory negligence and assumption of risk on the part of the minor plaintiff. The defendants town of Burlington and John Reeves have filed a joint demurrer to the complaint on what appears to be two grounds: (1) the authority to sue the defendant municipality is not alleged; nor is the giving of notice to the defendant municipality alleged "as required under the statutes."

In their brief, the demurring defendants take the position that the only remedy against them is that which is presently contained in General Statutes § 7-465, which became a statutory enactment in 1957. The court does not agree with this position. It is obvious that the statute was enacted to provide an indemnity to a municipal employee from his municipal employer in the event of his liability to a plaintiff under specified conditions. See *Martyn* v. *Donlin,* 148 Conn. 27, 32. As against the demurring defendants, the complaint is not so drawn as to invoke this statute.

This does not mean that the demurrer is totally deficient. It is broad enough to point up certain apparent weaknesses in the complaint. A municipality is not liable for negligence in the perform-

ance of a governmental function; and this is so even though one of its employees is negligent in the course of his employment. Citation of cases is not required on this elementary aspect. It is only by statute (the defective highway statute, for example), and in certain situations arising in the field of nuisance, that liability may attach to a municipal defendant. A municipal employee such as the defendant Reeves is not relieved from the consequences of his own negligence even though his employer may be exempt from liability under the doctrine of governmental immunity. *Voltz* v. *Orange Volunteer Fire Assn., Inc.,* 118 Conn. 307, 310. That is what § 7-465 is designed to change. But this statute is not injected into the complaint and therefore is not applicable.

As already noted, a municipality as a defendant may be liable for damages on the ground of nuisance. *Warren* v. *Bridgeport,* 129 Conn. 355, 359; *Hoffman* v. *Bristol,* 113 Conn. 386, 389; see, generally, *Carabetta* v. *Meriden,* 145 Conn. 338. Paragraph 6 of the complaint (both counts) alleges negligence of a joint nature on the part of all defendants. Paragraph 7 of the complaint (both counts) alleges in effect the creation and maintenance of a nuisance on the part of all defendants.

In view of the general discussion entered upon by the court in considering the limits of the problems as a whole, the following disposition is made of the interposed demurrer: As to the defendant town of Burlington, it is sustained only in so far as the cause of action in negligence is alleged against it in paragraph 6 of the complaint (both counts), and overruled in all other respects; as to the defendant Reeves, it is overruled in toto.