[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKEDEFENDANT'S SECOND AND THIRD SPECIAL DEFENSES
This action is brought in six counts. For the purposes of this motion, the court addresses only the motion to strike as pertains to the special defenses addressed to counts one, two, four and five. The plaintiff has withdrawn their motion to strike the special defenses as pertains to counts three and six. A determination of the efficacy of the special defenses as to counts three and six will be for the trial court, unless otherwise addressed prior to trial.
The action arises out of an automobile collision between a police cruiser owned by the City of Waterbury and operated by its police officer, William Lallier, and a vehicle operated by the plaintiff Cheryl Hurdle and occupied by the minor plaintiff, Phillip Hurdle.
The first two counts pertain to the plaintiff Cheryl Hurdle. Count one is a cause of action in negligence against William Lallier, alleging negligent operation of the vehicle. Count two incorporates the paragraphs of the first count and asserts a claim against the City of Waterbury by virtue of General Statutes § 7-465, commonly referred to as the municipal employees indemnity statute.
Count four and count five are asserted for the plaintiff passenger Phillip Hurdle. They set forth the same cause of action as are set forth for the plaintiff Cheryl Hurdle, and hence are treated the same for the purposes of this decision.
The second special defense sets forth a claim of common law governmental immunity as concerns the first and second, and as concerns the fourth and fifth counts of the complaint. The third special defense asserts that "the plaintiffs cause of action are barred by Connecticut General Statutes § 52-557 (n)(a)(2)."
The first question which the court addresses is whether the provisions of General Statutes § 52-557 (n)(a)(2) articulates CT Page 14592 a different or separate principle of governmental immunity than does the principle of governmental immunity existing at common law. The statute states as follows: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law".
At common law a municipality is not responsible for damage or injury while performing a governmental act which requires the exercise of discretion: ". . .; for the decision is one within their discretion, and unless they act maliciously, or wantonly, or in abuse of the discretion vested in them, they ought not to be held liable, and by the weight of authority they cannot be held liable". Wadsworth v. Middletown, 94 Conn. 435, 439
(1920).
This court determines that the provisions of General Statutes § 52-557 (n)(a)(2) does not establish or create an additional principle of governmental immunity, but does in fact reiterate the common law principle of governmental immunity. Hence the second and the third special defenses are to be treated as identical principles of law.
General Statutes § 7-465 provides for indemnity by the municipality for "all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property . . . if such occurrence, accident, physical injury or change was not the result of any willful or wanton act of such employee in the discharge of such duty". The statute further provides that "Governmental immunity shall not be a defense in any action brought under this section".
The Connecticut Supreme Court has declined to interpret this statute as providing a blanket abrogation of governmental immunity in all circumstances where it is claimed that a person has sustained physical injury to person or property by virtue of the negligence of the governmental agency acting through its employees. See Tanga v. New Haven, 173 Conn. 203, 204 (1977).
Governmental immunity has been recognized where the governmental employee, in the exercise of discretion, chooses CT Page 14593 inaction rather than to choose a course of affirmative action. See Shore v. Stonington, 187 Conn. 147, 151, 152, 153 (1982);Gordon v. Bridgeport, 208 Conn. 161, 179, 180, 181 (1988); Evonv. Andrews, 211 Conn. 501, 505 (1989). This recognition of immunity for inaction has several exceptions, most particularly "where it would be apparent to the public officer that failure to act would be likely to subject an identifiable person to imminent harm". See Shore v. Stonington, 187 Conn. 147, 153
(1982). If governmental immunity is otherwise applicable in the instant case, the mere fact that the plaintiffs were members of the motoring public at large might not in and of itself remove a cloak of governmental immunity. See Shore v. Stonington, supra, p. 152. But see Sestito v. Groton, 178 Conn. 520 (1979) as to the mandatory compliance with statutes alleged to be breached, here certain traffic statutes applicable to all operators.
In general, it is clear that, absent limited special exceptions, an otherwise negligent choice of a course or action, a choice of a plan of action, including a choice of inaction, will not deprive the governmental entity or, in an evolving body of law, the governmental employee, of the protection of governmental immunity. As to the employee himself see Evon v.Andrews, 211 Conn. 501, 505 (1989), contrasted to the earlier case of Votz v. Orange Volunteer Fire Assn., 118 Conn. 307, 310
(1934). It is further obvious that General Statutes § 7-465, enacted by 1957 Public Act 401 S1 was in part precipitated by the financial jeopardy of the employee, as articulated by theVotz case, supra.
It is clear to this court that the employee having embarked upon, chosen, a course of action, a plan of action, which involved the operation of a motor vehicle on the public highways, the employee is duty bound to physically operate the vehicle in a reasonable manner (within the parameters of the special prerogatives granted to emergency vehicles by General Statutes § 14-283) so as to not affirmatively cause physical damage to person or property. Whether this be stated as the narrowest possible interpretation of General Statutes § 7-465 on the one hand, or interpreted on a basis that the operation of a motor vehicle upon the public highways in a reasonable fashion is a ministerial duty, or a statutory duty arising out of traffic statutes, the conclusion is both identical and compelling.
This court is in accord with this same conclusion as CT Page 14594 articulated in Letowt v. Norwalk, 41 Conn. Sup. 402 (1989) andBrochetta v. Brown, 41 Conn. Sup. 420 (1990). This court further notes that this interpretation of General Statutes § 7-465, as pertains to injuries to person or property in motor vehicle collisions, is consistent with General Statutes § 52-556
which abrogates the defense of sovereign immunity for the State of Connecticut for the negligent operation of its motor vehicles. The legislature is presumed to have enacted a consistent body of law.
For the reasons set forth herein, the court grants the motion to strike the second special defense and the third special defense as pertains to the first and the second count, and as pertains to the fourth and the fifth count of the complaint.
L. PAUL SULLIVAN, J.
CT Page 14595