[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 16, 1997
The plaintiff, John Gagliardi, commenced this action in negligence on November 15, 1995, against the defendants, Jerry Consiglio, the City of East Haven and the Board of Education for East Haven, seeking damages for injuries allegedly incurred in an accident in the parking lot of the East Haven Middle School on December 30, 1993. Count one of the complaint alleges that while Gagliardi was walking to his own car which was parked in the lot, a truck driven by the defendant Consiglio struck him, causing him injuries. Count two, which seeks damages from the City of East Haven pursuant to General Statutes § 7-465, alleges that Consiglio is an agent or employee of the Town of East Haven and was driving the truck in the course of his employment. Count three repeats the allegations of count two against the Board of Education of East Haven, seeking damages pursuant to § 10-235.
The defendants filed a joint answer on January 11, 1996, asserting governmental immunity as a special defense to all counts. The plaintiff filed a motion to strike the special defense on May 9, 1996, to which the defendants filed an objection on May 17, 1996. Oral argument was heard on June 9, 1997.
"The purpose of a motion to strike is to contest . . . the CT Page 8495 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). A motion to strike may be used to challenge a special defense. Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). See alsoConnecticut National Bank v. Voog, 233 Conn. 352, 354-55,659 A.2d 172 (1995). The Connecticut Supreme Court "has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
The plaintiff argues that § 7-465 explicitly abrogates governmental immunity, and alternatively that the operation of a motor vehicle is a ministerial act and thus not protected by governmental immunity. The defendants argue that § 7-465 does not provide the plaintiff with a claim against a municipality or its employees, but rather permits the employee to bring an action against the municipality for indemnification after a judgment has been rendered against the employee. They argue that the plaintiff's only cause of action against the municipality or its employees arises under § 52-557n, which does allow governmental immunity as a defense in certain circumstances.
Section 52-557n provides for a direct assumption of liability by the municipality. It was part of Tort Reform in 1986, and intended to codify and limit the common law rules concerning governmental immunity. Conway v. Wilton, 238 Conn. 653, 672,680 A.2d 242 (1996). Subsection (a) provides that a municipality is liable for the negligence of its employees acting within the scope of their employment unless the acts "require the exercise of judgment or discretion." General Statutes § 52-557
(a)(2)(B). As worded, it tracks the common law distinction between ministerial and discretionary acts. Gordon v. BridgeportHousing Authority, supra, 208 Conn. 167-68.
A plaintiff injured by the acts of a municipal employee may choose to bring a suit directly against the municipality. "[P]ursuant to General Statutes § 52-557n, a plaintiff may sue a municipality directly and forego suing the municipal official under General Statutes § 7-465." Levien v. IronHorse Development, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 50131 (March 26, 1996, Skolnick, J.). Or the plaintiff may choose instead to bring a suit jointly against both the employee and the municipality pursuant to § 7-465. CT Page 8496
Section 7-465 provides for derivative or vicarious liability of the municipality based on the primary negligence of the employee. The "major premise" of the statute is "that the action primarily is one against the employee himself while the town's obligation is secondary, arising only for the purpose of indemnification once the liability of the employee has been established. In no event may the municipality be held liable unless the municipal employee individually becomes obligated to pay by reason of the liability imposed upon him by law. . . . It therefore follows that the breach of duty, if any, is that of the municipal employee as opposed to that of the municipality." (Citations omitted.) Bailey v. Stratford, 25 Conn. Sup. 73, 75,271 A.2d 122 (1970). "While § 7-465 provides an indemnity to a municipal employee from his municipal employer in the event the former suffers a judgment . . . it is quite clear that the municipality does not assume the liability in the first instance. . . . The municipality's liability is derivative." (Citations omitted; internal quotation marks omitted.) Kaye v.Manchester, 20 Conn. App. 439, 443-44, 568 A.2d 459 (1990). See also Ivimey v. Watertown, 30 Conn. App. 742, 752, 622 A.2d 603
(1993) (the town's liability is contingent on the judgment against its employee).
The defendants' argument concerning § 7-465 ignores the origins of the statute and the situation it was meant to address. "At common law, municipal officers were liable for their own torts, but the municipality, their municipal `master,' was not vicariously liable for those torts." Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 193, 592 A.2d 912 (1991). An early case illustrates the inequities of municipal immunity as applied to employees. Voltz v. Orange Volunteer Fire Assn., Inc.,118 Conn. 307, 172 A. 220 (1932), involved a volunteer fire association, one of whose members was charged with negligence in driving the truck. Because it was a private corporation, the association was potentially liable for the employee's negligence under the doctrine of respondent superior. Had it been a municipal fire department, the municipal corporation would have been immune from suit, though the driver could still be held liable. Id., 310. See also Farrell v. L.G. DeFelice Son, Inc.,132 Conn. 81, 88, 42 A.2d 697 (1945) ("We have expressly held that municipal immunity from damages resulting from negligence is not a defense to an agent of a municipality engaged in carrying on its governmental work."). "This is what § 7-465 is designed to change." Jabs v. Burlington, 23 Conn. Sup. 158, 160, CT Page 8497178 A.2d 280 (1962). Enacted in 1955, the statute "effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiffs to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements, but it did not bar a plaintiff from seeking redress from those employees." (Citations omitted.) Sanzone v. Board of Police Commissioners,supra, 219 Conn. 193.
"A plaintiff bringing suit under General Statutes § 7-465
first must allege in separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the town's liability by indemnification. . . . This is a personal liability requirement that calls for an inquiry independent of the statute itself, an inquiry into the factual matter of individual negligence. . . . Thus, in a suit under § 7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual." (Citations omitted; emphasis in original; internal quotation marks omitted.)Wu v. Town of Fairfield, 204 Conn. 435, 438, 528 A.2d 364 (1987). This action remains at heart a negligence action against the employee. If judgment is rendered against the employee, according to § 7-465, the town cannot raise governmental immunity as a defense to its vicarious liability; if the employee is not found liable, the town is automatically released from liability.Kostyal v. Cass, 163 Conn. 92, 97, 302 A.2d 121 (1972).
Municipal employees have a "qualified immunity in the performance of a governmental duty." (Citations omitted; internal quotation marks omitted.) Conway v. Town of Wilton, supra,238 Conn. 672. The determination of a municipal officer's potential liability involves two often overlapping analyses: whether the conduct involves a private duty or a public duty, and whether the act was ministerial or discretionary. Gordon v. BridgeportHousing Authority, supra, 208 Conn. 168. "[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, must be a public and not an individual injury, and must be redressed, if at all in some form of public prosecution. On the other hand, if the duty is a duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for CT Page 8498 damages." Shore v. Stonington, 187 Conn. 147, 152, 444 A.2d 1379
(1982).
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority,
supra, 208 Conn. 167-68. "[A]lthough the public duty doctrine provides the starting point of the analysis, distinctions between discretionary acts and ministerial acts are often controlling without regard to whether the duty is ascertained to be public or private." Id., 170.
The plaintiff argues that the operation of a motor vehicle is a ministerial act and outside the protection of governmental immunity, relying on several superior court cases to that effect.Letowt v. Norwalk, 41 Conn. Sup. 402, 579 A.2d 601 (1989);Borchetta v. Brown, 41 Conn. Sup. 420, 424-25, 580 A.2d 1007
2 CONN. L. RPTR. 76 (1990); Hurdle v. Waterbury, Superior Court, judicial district of Waterbury, Docket 123428 (December 12, 1995, Sullivan, J.). The defendant argues that whether driving a motor vehicle is ministerial or discretionary has never been conclusively determined in Connecticut and that the cases cited by the plaintiff apply only to the operation of a police vehicle on public
roadways, and should not be applied to the operation of the vehicle in question in a school parking lot. Even though all three cases were concerned with accidents involving police vehicles, the language of these cases does not suggest the narrow interpretation that the defendant would have this court adopt.
The court in Letowt v. Norwalk, supra, 41 Conn. Sup. 420, in searching for the best approach to determine whether an act is ministerial, adopted the approach of the Rhode Island Supreme Court as the most practical guideline. "[W]hen the government or its agent engages in an activity normally undertaken by private individuals in the course of their everyday lives, a duty arises under the common law to exercise reasonable care in the performance of this task. Governmental employees, like ordinary citizens, must operate their vehicles in a reasonably safe manner and avoid creating foreseeably unreasonable risks of harm to the motoring public.'" Letowt v. Norwalk, 41 Conn. Sup. 402, 405-06,579 A.2d 601 (1989). Under this reasoning, then, an act by a CT Page 8499 government agent is ministerial when the agent is engaging in an activity that any citizen may perform as opposed to those activities that only a municipal employee may perform. Borchettav. Brown followed the reasoning of Letowt.
This distinction is also in line with the analysis in Hurdlev. Waterbury, supra, Superior Court, Docket No. 123428. Once the employee "embarked upon . . . a course of action . . . which involved the operation of a motor vehicle on the public highways, the employee is duty bound to physically operate the vehicle in a reasonable manner . . . so as to not affirmatively cause physical damage to person or property." That the court was not intending to limit this to police vehicles can be found in the court's comparison of its holding with General Statutes § 52-556
"which abrogates the defense of sovereign immunity for the State of Connecticut for the negligent operation of its motor vehicles." Id. Section 52-556 only refers to "when operating a motor vehicle" and does not limit the place of operation for state vehicles.
Count one alleges that Consiglio was negligent in the operation of a motor vehicle, conduct which is not protected by governmental immunity.
Count two alleges the necessary employment relationship between Consiglio and the town, that he was acting in the course of his employment, and that the town received timely notice of the intent to file a claim. This is sufficient to make a claim for vicarious liability under § 7-465.
Count three alleges an employment relationship with the Board of Education of East Haven, and seeks indemnification from the Board. Section 10-235 allows board of education employees to seek reimbursement from a board of education for losses incurred in damage actions. King v. Board of Education, 195 Conn. 90, 97,486 A.2d 1111 (1985). There is a split of authority as to whether § 10-235 allows a direct suit against the board by the injured party. See Stiffler v. City of Norwalk, Superior Court, judicial district of Stamford-Norwalk, Docket No. 145373, 16 CONN. L. RPTR. 275 (March 18, 1996, Tobin, J.); Zuba v. Town of New Milford,
Superior Court, judicial district of Litchfield, Docket No. 65903 (November 29, 1995, Pickett, J.). "The statute [§ 10-235] clearly provides for indemnification from loss, not indemnification from liability. Moreover, it may be noted in passing that the prefatory wording to § 10-235 is `Protection CT Page 8500 of teachers, employees and board and commission members in damage suits', whereas the prefatory wording to § 7-465 is `Assumption of liability for damage caused by employees.'" Plassev. Board of Education, 28 Conn. Sup. 198, 203, 256 A.2d 519
(1969). "[W]here there is an indemnification only from loss under common law principles any benefit arises only when a judgment is rendered against the person protected by indemnification rights."Parsons v. West Hartford Board of Education, Superior Court, judicial district of Hartford, Docket No. 533484, 13 CONN. L. RPTR. 52 (September 16, 1994, Corradino, J.). This court need not decide the appropriateness of a direct claim against the Board at this point, because regardless of how the claim is brought, the Board's liability is only derivative of the employee's. For the reasons given above, governmental immunity is not a defense to Consiglio's claim, and so would also not be a defense to a claim based on the Board's derivative liability.
For the reasons stated above, the plaintiff's motion to strike the special defense is granted.
ZOARSKI, J.