[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE (#120)
CT Page 155
I. Factual and Procedural History
The plaintiffs, Ivy Hansen and William Hansen, commenced this action against the defendants, Mohegan Fire Company, Inc., the Montville Fire Co., Inc., the Town of Montville, and several firemen and/or ambulance personnel on October 11, 1996. One year earlier, on October 12, 1995, the plaintiff, Ivy Hansen, fell down the steps of her home. Ivy Hansen called for her husband to assist her. In response to William Hansen's telephone call to 911, the Mohegan Fire and/or Ambulance Company arrived at the Hansens' home. The plaintiffs allege that the firemen and/or ambulance personnel who lifted Ivy Hansen and moved her from the landing of her home to a stretcher on her front lawn did so improperly and caused her further injury.
The plaintiffs' initial complaint was dated November 11, 1996. The defendants filed a request to revise the entire complaint on December 3, 1996. In response, on March 21, 11 1997, the plaintiffs filed a revised twenty-four count complaint.[1] On April 4, 1997, the defendants filed a motion to strike the entire revised complaint, and an accompanying memorandum of law. On June 19, 1997, the plaintiffs filed a memorandum of law in opposition to the defendants' motion to strike. On July 24, 1997, the defendants filed a reply to the plaintiffs' opposition. On September 15, 1997, the plaintiffs filed a reply to the defendants' reply. The court heard oral argument on the motion to strike on September 15, 1997.
II. Motion to Strike, Generally 
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 580. The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs'] [have] stated a legally sufficient cause of action." Dodd v. Middlesex MutualAssurance Company, 242 Conn. 375, 378, ___ A.2d ___ (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. UnitedCT Page 156Technologies Corporation, 240 Conn. 576, 580, 693 A.2d 293
(1997). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the [plaintiffs] claims [are] legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989). "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros. Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
III. Discussion
The defendants move to strike the entire amended complaint on the following grounds: (1) all of the plaintiffs' claims are barred by the doctrine of governmental immunity; (2) Ivy Hansen's negligence claims against the firemen and/or ambulance personnel and William Hansen's claims which are derivative of those claims are barred by Connecticut's Good Samaritan Law; and, (3) all claims alleging gross negligence are legally insufficient since Connecticut does not recognize a gross degree of negligence.
The defendants argue that all of Ivy Hansen's claims are barred by the doctrine of governmental immunity since the defendants were acting pursuant to a public duty and their conduct was discretionary rather than ministerial. The defendants further argue that if all of Ivy Hansen's claims are barred by the doctrine of governmental immunity, all of William Hansen's claims are also barred since they are derivative of her claims.
The plaintiffs argue that the defendants are not protected from liability by governmental immunity since the Mohegan Fire Company is a private corporation. In response, the defendants argue that the complaint alleges that the defendants are paid or volunteer firemen of the Town of Montville and that further, if the defendants are not municipal employees, all of the plaintiffs' indemnification claims fail.
The plaintiffs also argue that General Statutes § 7-308, assumption of liability for damages caused by firemen, an indemnification statute, removes the defendants from the protection of governmental immunity. In response, the CT Page 157 defendants argue that a municipality's liability under General Statutes § 7-308 is only derivative of a municipal employees liability and therefore governmental immunity is a valid defense.
"[If] it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [can] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3,529 A.2d 743 (1987); see also Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988).
"A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." Gordon v. Bridgeport Housing Authority,supra, 208 Conn. 167. "A municipal employee [also] . . . has a qualified immunity in the performance of a governmental duty." Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131
(1989). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action."Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 167. "It is settled in this State that a municipal corporation is exercising a governmental function when maintaining and operating a fire department pursuant to legislative authority, and while in the exercise of that function is not liable for the negligent acts of its officers, agents and servants."Brock-Hall Dairy Co. v. New Haven, 122 Conn. 321, 324,189 A. 182 (1937).
"The immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act was discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and third, where the alleged acts involve CT Page 158 malice, wantonness or intent to injure, rather than negligence." (Citations omitted) Evon v. Andrews, supra,211 Conn. 505-06.
In their revised complaint, in relevant part, the plaintiffs allege the following. The defendant, Mohegan Fire Company, Inc., "is a Connecticut Corporation that operates a fire company and . . . has an ambulance company known as the Mohegan Ambulance Company, Inc." The defendants who moved Ivy Hansen from her home to the stretcher are "members, volunteers, paid members/persons or Emergency Medical Technicians and firemen of the Mohegan Fire Company, Inc. or the Mohegan Ambulance Company, Inc.," and "the defendant, Montville Fire Company No. 1, Inc. . . . is a Connecticut corporation. . . ." The defendant Town of Montville is a "Connecticut municipal corporation." In their memorandum in opposition to the defendant's motion to strike, the plaintiffs argue that the defendant Mohegan Fire Company, Inc. is a private corporation and that the defendant firemen and/or ambulance personnel are employees/members of a private corporation. The complaint sets forth that only the Town of Montville is a municipal corporation. The defendants argue that since the complaint states that "all of the individuals are firemen . . . within the Town of Montville," the complaint alleges that the defendants are municipal employees.
Case law provides limited governmental immunity to municipal corporations and municipal employees. See case law,supra. This protection does not extend to private corporations and their employees. See Voltz v. OrangeVolunteer Fire Assoc., Inc., 118 Conn. 307, 310, 172 A. 220
(1934), in which the court held that the trial court was correct in charging that, while the defendant volunteer fire association was a "corporation performing meritorious services, it was not a municipal corporation and was not entitled to the immunity ordinarily granted such a corporation from liability for the negligence of its servants and agents in the performance of its governmental functions." Id.
The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [plaintiffs] [have] stated a legally sufficient cause of action." Dodd v.Middlesex Mutual Assurance Company, supra, 242 Conn. 378. Although it may ultimately be determined that the plaintiffs' CT Page 159 claims are barred by the doctrine of governmental immunity, it cannot be determined at this time since, construing the facts in the complaint in favor of the plaintiffs, it is not known whether the defendants are either municipal corporations or municipal employees. "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros. Inc. v. Grigsby, supra,215 Conn. 348.
IV. Conclusion
Since the defendants' motion to strike is directed to the entire complaint, the motion fails if any of the plaintiffs' claims are legally sufficient. Kovacs v. Kasper, supra,41 Conn. Sup. 226. Since it cannot be determined, on the face of the complaint, whether the plaintiffs' claims are barred by the doctrine of governmental immunity, the defendants' motion to strike the complaint is denied. Accordingly, the court need not address the parties' other arguments.
Accordingly, the defendants' motion to strike the complaint is denied.
J. Martin