PETER BORCHETTA *v.* CHARLES D. BROWN ET AL.

SUPERIOR COURT JUDICIAL DISTRICT OF FILE NO. 94482S
STAMFORD-NORWALK AT STAMFORD

Memorandum filed June 18, 1990

*Tierney & Whelan,* for the plaintiff.

*Joseph A. Izzillo,* for the named defendant.

*Eugene F. McLaughlin, Jr.,* assistant town attorney of the town of Greenwich, for the defendant town of Greenwich.

LEWIS, J. The defendants, Charles D. Brown and the town of Greenwich, have filed a motion to strike both the second and third counts of the plaintiff's amended complaint.

The underlying action is a claim for personal injuries arising out of an automobile accident. The plaintiff claims that Brown, a Greenwich police officer, struck the rear of the automobile driven by the plaintiff. The first count pertains to the alleged negligence of Brown while he was on duty as a police officer and is not involved in the present motion to strike.

The second count of the complaint alleges that pursuant to General Statutes § 7-465, the town is obligated to pay any judgment that the plaintiff recovers against Brown. Section 7-465 imposes liability on a municipality to pay any judgment rendered against one of its employees provided that the employee "was acting in the performance of his duties and within the scope of his employment, and if such occurrence . . . was not the result of any wilful or wanton act of such employee in the discharge of such duty." *Kaye* v. *Manchester,* 20 Conn. App. 439, 443–44, 568 A.2d 459 (1990).

The third count of the complaint asserts that the town is liable to the plaintiff pursuant to General Statutes § 52-557n (a) (2) (B), which imposes liability upon a municipality to one who is injured as a result of the negligent acts of its employees, except as to "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

The second count of the complaint as amended alleges that the defendant town had "waived statutory written notice" by virtue of the town attorney's office having filed appearances on behalf of both Brown and the town itself. The plaintiff concedes that he did not file a "written notice of the intention to commence such

action and of the time when and the place where the damages were incurred . . . with the clerk of such municipality within six months after such cause of action has accrued." General Statutes § 7-465. The plaintiff, however, cites *Fraser* v. *Henninger,* 173 Conn. 52, 58, 376 A.2d 406 (1977), as authority that the six months notice provision in § 7-465 may be "waived."

As to the third count, the town argues that the operation of a police car by Brown was a discretionary function and, hence, that the municipality is immune from liability to the plaintiff pursuant to § 52-557n (a) (2) (B).

A motion to strike is the proper legal mechanism when a party wishes to contest the legal sufficiency of the allegations of a complaint. *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d 1185 (1988), holds that in ruling upon a motion to strike, the court must take as admitted all well pleaded facts, and those necessarily implied thereby, and construe them in the manner most favorable to the moving party. If any facts provable under the allegations of the complaint would support the contested pleading, then the motion to strike must be denied. *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 109, 491 A.2d 368 (1985). Neither legal conclusions nor the truth or accuracy of opinions is deemed admitted. Id., 108. The court is limited to the facts alleged in the complaint. *King* v. *Board of Education,* 195 Conn. 90, 93, 486 A.2d 1111 (1985).

Regarding the second count, the court disagrees with the plaintiff's contention that *Fraser* v. *Henninger,* supra, absolves him from the notice requirement of § 7-465. In that case, the notice was alleged to be defective because it did not track the exact language of the statute regarding notice of intention to commence that type of action and also because it did not identify the employee. Moreover, the alleged defect of the notice was not so "patently insufficient that its ade-

quacy was a question of law for the court and not one of fact for the jury." Id. In the present case, no notice whatsoever was filed. Second, in *Fraser,* the same attorney who represented the municipality also filed his appearance for the employee, and the town filed the required statutory statement "that it will pay any verdict rendered in such action against such employee." General Statutes § 7-465. No such statement was filed in this case. As the court said in *Fraser,* "[w]e are of the opinion that such a statement constitutes a waiver of the municipality's right to assert any defense which it might have to the second count." Id. Third, about one month after the filing of an appearance for both defendants in this case, other counsel appeared for the individual defendant in lieu of the appearance of the prior counsel, whereas in *Fraser,* the town attorney's office maintained its appearance for both defendants and actually tried the case and pursued the appeal.

Thus, there are three differences between the present action and the *Fraser* case. In the latter, the notice was, at worst, deficient, whereas in the present case, there was no notice. In the present case, no statement was filed agreeing to pay any judgment rendered against the employee. Third, after a very short time, two separate attorneys appeared for the municipal employer and the employee. Thus, the "waiver" referred to in *Fraser,* is inapplicable in the present case because of these differences. Waiver has been described as an intentional relinquishment or abandonment of a known right or privilege. *D'Amico* v. *Manson,* 193 Conn. 144, 147, 476 A.2d 543 (1984). The court cannot agree that by the simple filing of an appearance for both the employer and the employee, at least for only a short period of time, the municipality waives the right to contest subject matter jurisdiction because of the complete absence of any notice at all. As was said in *Martyn* v.

*Donlin,* 148 Conn. 27, 32, 166 A.2d 856 (1961), "[i]n order for the plaintiff in this case to establish the liability of the municipality under § 7-465, [he] must prove compliance with the requirements of the statute as to demand and notice . . . ." See also *Rowe* v. *Godou,* 12 Conn. App. 538, 545, 532 A.2d 978 (1987), rev'd, 209 Conn. 273, 550 A.2d 1073 (1988).

The lack of a notice within six months of the accident also precludes liability of the municipality under General Statutes § 7-101a (d).

With respect to the third count involving General Statutes § 52-557n, the town, citing *Gordon* v. *Bridgeport Housing Authority,* supra, 179, seeks to avoid liability on the theory that the deployment of police officers is a discretionary function. The present case, however, does not involve the deployment of an adequate number of police officers but, rather, concerns the alleged negligence of one individual police officer while driving his police car on patrol duty.

As the plaintiff points out, this very subject was covered in *Letowt* v. *Norwalk,* 41 Conn. Sup. 402, 579 A.2d 601 (1990), in which it was decided that the operation of a police vehicle was a ministerial function and hence rendered the town "liable for damages to person or property caused by . . . [t]he negligent acts or omissions of . . . any employee, officer or agent thereof, acting within the scope of his employment or official duties . . . ." General Statutes § 52-557n (a) (1) (A). Reference may be made to that opinion for the reasoning behind the decision therein. The court disagrees with the defendant that § 7-465 preempts § 52-557n because the latter uses the words "[e]xcept as otherwise provided by law." Both statutes can be read together and are not contradictory. Under § 52-557n, a municipality is liable for the negligence of its employees under certain circumstances. Pursuant

to § 7-465, an employer must indemnify its employees for judgment rendered against the latter under certain circumstances.

For the reasons stated above, the motion to strike filed by the defendants is granted as to the second count and denied as to the third count of the amended complaint.