[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW
The plaintiffs, Peter Marotto by and through his mother and next best friend (hereinafter "minor plaintiff") and his mother Joyce Marotto (hereinafter "plaintiff-mother"), filed a thirty-count complaint on April 15, 1992.
The defendants and relevant counts of the plaintiffs' complaint, are as follows: Mark Cherwonski and Jason Gaudet, two South Windsor high school students who the plaintiffs allege assaulted and committed battery against the minor plaintiff; Salvatore Randazzo, an employee of the South Windsor Board of Education and the Town of South Windsor, who the plaintiffs allege negligently performed his duty of supervising the school children while they waited for and loaded onto the bus; Paul Bordonaro, an employee of the South Windsor Board of Education and the Town of South Windsor, who the plaintiffs allege was negligent in that he witnessed a heated exchange between the school pupils and the minor plaintiff yet failed to take precautions to protect the minor plaintiff who was under his care; Gregory Plunkett, the principal of the South Windsor High school, who the plaintiffs allege was negligent in his supervision and control of the students; the CT Page 10881 Town of South Windsor (hereinafter "Town") which the plaintiffs allege in counts seven, eight, and nine must pay on behalf of its employees all sums which they become obligated to pay pursuant to General Statutes 7-465, and which in counts ten, eleven, and twelve is liable for the negligent acts of its employees pursuant to General Statutes 52-227n; and the South Windsor Board of Education (hereinafter "Board") which the plaintiffs allege in counts thirteen through fifteen must pay on behalf of its employees, pursuant to 10-235, all sums which its employees become obligated to pay.
In counts twenty-five through twenty-seven and twenty-eight through thirty, the plaintiff-mother alleges a derivative claim for medical expenses incurred on behalf of the minor plaintiff from the Town pursuant to General Statutes52-557n and from the Board pursuant to General Statutes10-235, respectively.
The defendants Randazzo, Bordonaro, Plunkett, the Town, and the Board of Education (hereinafter "defendants") filed a motion to strike counts ten through fifteen and twenty-five through thirty of the plaintiffs' complaint. The defendants also filed an accompanying memorandum of law in support of their motion.
The defendants base their motion to strike on the grounds that General Statutes 10-235 does not provide for a direct cause of action on part of the plaintiffs and that General Statutes 52-227n does not form the basis for a separate cause of action against the Town and its employees.
The plaintiffs filed a memorandum of law in opposition to the defendants' motion to strike on September 14, 1992.
A motion to strike is a means to challenge the sufficiency of the pleadings. Practice Book 152. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985). A motion to strike must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence. State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785 (Super.Ct. 1981). If facts provable under the allegations would support a claim or defense, the motion must fail. Mingachos, supra, 109. CT Page 10882
In counts ten through twelve, the minor plaintiff seeks damages from the Town of Windsor for the injuries caused by the negligence of its employees pursuant to General Statutes52-557n. Corresponding derivative claims for medical expenses incurred by the plaintiff-mother are set forth in counts twenty-five through twenty-seven in which she seeks reimbursement from the Town pursuant to General Statutes52-557n.
General Statutes 52-557n reads in relevant part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivisions or any employee, officer or agent thereof acting within the scope of his employment or official duties . . . . (2) Except as otherwise provided by law, a political subdivision shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.
The relevant provision of General Statutes 7-465
reads as follows:
 (a) Any town, city, or borough, notwithstanding any inconsistent provision of law, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of any liability imposed upon such employee . . . if the employee . . . was acting . . . within the scope of his employment.
The defendants claim that these counts should be stricken because General Statutes 52-557n does not provide for a direct right of action against a municipality and its CT Page 10883 employees. The defendants argue that 52-557n is not available to the plaintiffs because they may seek redress from the Town under General Statutes 7-465. The defendants base their argument on the "except otherwise provided by law" language contained in 52-557n which they interpret to mean that General Statutes 52-557n is available to a plaintiff except in situations where the law provides another remedy. Furthermore, the defendants argue that, although 52-557n(a)(1)(A) tracts the language of 7-465, the latter statute sets out specific notice of injury and time requirements for bringing suit. To allow the plaintiffs to base their claims on52-557n, the defendants conclude, would vitiate 7-465 and render that statute meaningless, "a result the legislature could not possibly have intended." (Defendants' memorandum, 8). The defendants cite Sanzone v. Board of Police Commissioners,219 Conn. 179, 592 A.2d 912 (1991), in support of this contention.
The plaintiffs argue, in their memorandum, that General Statutes 52-557n explicitly authorized a direct cause of action against a municipality, and that 7-465 does not preempt a cause of action pursuant to General Statutes 52-557n, citing Borchetta v. Brown, 41 Conn. Sup. 420, 580 A.2d 1007
(Lewis, J., 1990).
General Statutes 52-557n imposes liability directly on the Town for the negligence of its employees under certain circumstances, while General Statutes 7-465 provides that a municipal employer must indemnify its employees for judgments rendered against it in certain circumstances. See Borchetta v. Brown, supra, 424-25.
In Sanzone v. Board of Police Commissioners, supra, cited by the defendants to support their argument that the principles of statutory construction preclude the plaintiffs from seeking recovery under General Statutes 52-557n, the court determined that 52-557n precludes a plaintiff from bringing an action for defective highway against a municipality pursuant to 7-465. Id., 200-201. The court based its reasoning on the provision of General Statutes 52-557n which reads in pertinent part:
 Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property CT Page 10884 cause by [(A) (B) (C)] . . . provided, no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149 of the General Statutes.
Id, 190.
The court interpreted this language to make General Statutes 13a-149 a plaintiff's exclusive remedy against a municipality for injuries arising from highway defects. Id., 192.
The plaintiff in Sanzone argued that the "except as otherwise provided by law" language in 52-557n was meant to "save" an action brought under 7-465 from the "no action may be brought" provision. In other words, the plaintiff argued,13a-149 is the exclusive remedy for defective highway claims unless there exists a law already on the books, here 7-465
and a common law nuisance action, which would allow such a claim. Id.
The court in Sanzone refused to adopt such an interpretation held that "to do so would render the statute a nullity. The legislature could not have intended the general language of the introductory clause to swallow up and nullify the section's other provisions." Id.
The court went on to consider General Statutes7-465 and held "[w]e agree with the trial court that 52-557n
removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under7-465 (a)." Id., 193.
The defendants' argument that the rules of statutory construction utilized in Sanzone, supra, require that this court interpret 52-557n to bar these plaintiffs from bringing an action under it because they may bring an action under7-465 is erroneous. "Both statutes can be read together and are not contradictory." Borchetta, supra, 424. See also Krebs v. Chilson Excavating, 6 CLTR 194 (March 13, 1992, Barnett, J.) (the court denied a defendant's motion to strike a claim against a municipal defendant under 52-557n and 7-465
because the claims did not allege a defective highway). CT Page 10885
Accordingly, the defendants' motion to strike counts ten through twelve and twenty-five through twenty-seven is denied.
The minor plaintiff seeks, in counts thirteen through fifteen of his complaint, damages from the Board for injuries sustained due to the negligence of its employees pursuant to General Statutes 10-235. In counts twenty-eight through thirty, the plaintiff mother alleges a derivative claim against the Board for medical expenses incurred by her due to the negligence of its employees pursuant to General Statutes 10-235.
The defendants move to strike these counts on the ground that General Statutes 10-235 does not allow the plaintiff a direct right of action.
The plaintiffs, in their memorandum in opposition, analogize 10-235 to 7-465 and assert that the statute does allow a direct cause of action.
General Statutes 10-235 reads in pertinent part:
 (a) [e]ach board of education shall protect and save harmless any member of such board or any teacher or other employees thereof . . . from financial loss and costs, if any, arising out of any claim . . . by reason of any alleged negligence . . . provided such teacher . . . was acting within the scope of employment
The purpose of this statute was to make indemnification available to "a board of education employee for losses sustained from claims or suits for damages . . . ." King v. Board of Education, 195 Conn. 90, 97, 486 A.2d 1111 (1985). This statute gives the right of indemnification to an employee of the board of education in certain circumstances, unlike General Statutes 7-465a which reads in pertinent part that "the municipality shall pay on behalf of any such employee," which provides an injured plaintiff a direct cause of action against a municipality. Carrington v. Sullivan, 3 Conn. L. Rptr. 296
(February 25, 1991, Hennessy, J.); Plasse v. Board of Education,28 Conn. Sup. 198, 256 A.2d 844 (Super.Ct. 1969); see CT Page 10886 Swainbank v. Coombs, 19 Conn. Sup. 391, 115 A.2d 468 (Super. Ct. 1955).
General Statutes 10-235 does not provide the plaintiff with a direct cause of action against the Board, but it remains available to the defendants to seek indemnification if and when the appropriate circumstances arise. Accordingly, the defendants' motion to strike counts thirteen through fifteen and twenty-eight through thirty is granted.
JOHN J. LANGENBACH JUDGE, SUPERIOR COURT