[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANTS' MOTION TO STRIKE
At oral argument in this matter, the court denied defendants' motion to strike as to Count One and granted said motion as to Count Three. Defendants have requested a written memorandum as to Count One.
Count One alleges that:
1. At all times relevant hereto, the Plaintiffs were the owners and the primary residential occupants of the residential property at 94 Laurel Hill Road, Branford, Connecticut.
2. On or about August 5, 1996, the one family home on said residential property referred to paragraph 1 above was completely engulfed and destroyed by fire.
3. The Defendant Town of Branford's Fire Department failed to perform certain ministerial acts properly as they related to the call for timely assistance at the referenced real property, to wit:
The Town of Branford failed to:
a. Have adequate and necessary fire equipment, and in particular, pumper trucks timely respond to the call;
b. The Branford Fire Department made a call for assistance from the North Branford Fire Department, but then sent said North Branford Department to an incorrect fire address;
c. The Branford Fire Department failed to tap a pool on the real property at issue, or wetland area adjacent to the real property at issue as a source of water to extinguish the blaze;
d. The Town of Branford Fire Department failed to provide an adequate supply of water to the fire scene in order to timely extinguish the blaze and minimize property damage;
e. The Fire Chief of the Fire Department for the Town of Branford engaged in a public campaign, including statements to the local media, attempting to conceal the general incompetence of the Branford Fire Department in responding to this call, by in effect blaming the Plaintiff homeowners for the alleged rapid CT Page 5519 spread and acceleration of the fire due to the alleged storage of automobiles and other alleged accelerants in the Plaintiffs' garage.
4. The Plaintiff's property was substantially damaged as a direct and proximate result of the Town of Branford's Fire Department's failure to perform certain ministerial acts in a professional and reasonably prudent manner.
Defendants claim that Count One is barred by the doctrine of governmental immunity.[1]
General Statutes § 52-557n(a)(2) states in pertinent part:
 "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
Thus, actions concerning acts which are discretionary are barred by governmental immunity. A ministerial act is one which must be performed in a prescribed manner. Ministerial acts do not implicate the exercise of judgment or discretion, and an action claiming a breach of a ministerial duty is not barred by governmental immunity. See Mulligan v. Rioux, 229 Conn. 716,643 A.2d 1226 (1994).
The court recognizes that merely alleging a ministerial duty does not make it so if said duty is discretionary as a matter of law. Moreover, it is clear that virtually all functions of a fire department are discretionary in nature — the manner chosen to extinguish a fire, the substances used to extinguish a fire, the number of personnel employed to do the job, the equipment chosen, etc. It is not, however, discretionary as to whether a call will be answered. This is a ministerial function. In the present case it is alleged that another fire department was called for assistance. This, too, is a discretionary decision — it is essentially a partial delegation of the fire department's duty to answer the call. The court finds no fault with this decision on the part of the fire department. Nevertheless, it is further alleged that the wrong address was given in calling the other department. Insofar as this allegation implicates the duty to respond to the fire, which this court finds ministerial, the allegation to this effect in Count Three can survive the Motion CT Page 5520 to Strike. The court cannot say, as a matter of law, that this allegation fails to state a claim. See Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." Id.
For the foregoing reasons, which were stated in open court, the Motion to Strike is denied as to Count One and granted as to Count Three.[2]
Dunnell, J.