[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Rositer Agudelo, has filed a complaint against the defendants, Gene J. Simoneau and the City of Stamford, sounding in negligence by a municipal employee and seeking recovery against the municipal employer under General Statutes § 52-557n(a)(1)(A). Specifically, the plaintiff complains CT Page 6519 that the defendant Simoneau, a Stamford police officer, negligently lost control of the police cruiser he was operating, struck the plaintiff's vehicle, and injured him. The defendant City of Stamford has filed a motion to strike the complaint "to the extent that it is directed to the City."
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997). The defendant argues that the plaintiff cannot maintain a claim against it under General Statutes § 52-557n
because General Statutes § 7-465 is "the exclusive means of imposing liability on a municipal employer, in connection with a motor vehicle accident involving one of its employees[.]" The defendant argues that the court should engage in a statutory interpretation exercise regarding the language found in § 52-557n as compared to General Statutes § 7-465.
General Statutes § 52-557n states that its provisions apply "except as otherwise provided by law." General Statutes § 7-465 states that its provisions apply "notwithstanding any inconsistent provision of law." According to the defendant, the language found in General Statutes § 7-465 preempts any possible cause of action under § 52-557n against a municipality for the negligent acts of its employees.
This issue has never been visited by an appellate court, but has been addressed by other superior courts. In Borchetta v. Brown,41 Conn. Sup. 420, 424-25, 580 A.2d 1007, 2 CONN. L. RPTR. 76 (1990), the plaintiff complained that a municipal police officer had negligently rear ended his vehicle with a police cruiser. There, Judge Lewis stated: "The court disagrees with the defendant that § 7-465 preempts § 52-557n
because the latter uses the words `[e]xcept as otherwise provided by law.' Both statutes can be read together and are not contradictory. Under §52-557n, a municipality is liable for the negligence of its employees under certain circumstances. Pursuant to § 7-465, an employer must indemnify its employees for judgment rendered against the latter under certain circumstances." See also Marotto v. Gaudet,
Superior Court, judicial district of Hartford-New Britain at New Britain CT Page 6520 Docket No. 450581, 8 CONN. L. RPTR. 49 (Dec. 3, 1992, Langenbach, J.) (rejecting the same arguments made by the present defendant regarding the discussion found in Sanzone v. Board of Police Commissioners,219 Conn. 179, 592 A.2d 912 (1991), as it applies to § 52-557n).
This court agrees with the Borchetta and Marotto courts. The complaint is legally sufficient. The defendant's motion to strike, therefore, is denied.
D'ANDREA, J.