[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS TO STRIKE (NOS. 108 AND 111)
The plaintiff brings this action for damages for personal injuries against the defendant John Wyshynski (Wyshynski), a police officer, for negligent and reckless conduct in the operation of his cruiser. The plaintiff also seeks indemnification from the defendant Town of Burlington (Town) under Gen. Stat. § 7-465 and claims damages under §52-557n. The plaintiff's employer American Saving and Drilling Co. filed an intervening complaint which sought reimbursement of workers compensations benefits it paid, and which tracked the same allegations as the plaintiff's complaint. The defendants CT Page 4641 moved to strike the third, fourth and fifth counts of both complaints. For the reasons that follow the motions to strike are granted as to the fourth count (in part) and as to the fifth count, and, are denied as to the third count of each complaint.
 I. FACTUAL AND PROCEDURAL HISTORY
This action arises out of an automobile accident between the plaintiff and Wyshynski, a Town police officer. The plaintiff was injured when Wyshynski lost control of his police cruiser while responding to a police call, striking the plaintiff's car head on at a high rate of speed.
The plaintiff brings this action in five counts against the defendants, Wyshynski and the Town. Count one sounds in negligence against Wyshynski. Count two is directed against the Town for indemnification pursuant to General Statutes § 7-465
for any damages imposed upon Wyshynski, its employee, on account of his negligence. Count three is directed to the Town, seeking to hold the Town liable pursuant to General Statutes § 52-557n
for the same negligence. Count four is directed against Wyshynski for reckless operation of his motor vehicle and to the Town, seeking indemnification pursuant to § 7-465 for any damages imposed upon Wyshynski. Count five is similar to count four and seeks to hold the Town and Wyshynski liable pursuant to § 52-557n
for Wyshynski's alleged reckless operation.
American Sawing and Drilling Co., a.k.a. American Cutting Corp., the plaintiff's employer, moved for and was granted permission to intervene in the action to seek reimbursement of the amounts it has paid or may pay in the future on behalf of the plaintiff under the Workers' Compensation Act. The intervening complaint replicates the plaintiff's revised complaint, incorporating in their entirety all paragraphs of each count.
Presently before the court are the defendants' motions to strike counts three, four, and five of the plaintiff's revised complaint and counts three, four, and five of the intervening complaint.[1] The respective grounds stated for striking the specified counts of the revised complaint are identical to the grounds stated for striking the same counts of the intervening complaint. Both the plaintiff and the intervening plaintiff filed objections to the motions to strike.
 II. DISCUSSION
CT Page 4642 A. Third and Fifth Counts and § 52-557n
The defendants first argue that General Statutes § 52-557n
does not create any cause of action, either directly or by way of indemnification, against the Town. They argue that although §52-557n created new immunities for municipalities, the statute did not create liability for municipalities which did not exist in the common law. Since, the defendants argue, no cause of action existed at common law for the vicarious liability of a municipality with respect to the torts of its employees, there is no cause of action against the Town pursuant to § 52-557n. They further argue that any claim against the Town for the negligence of an employee must be for indemnification pursuant to General Statutes § 7-465, which already is pleaded in the second count of each complaint.
General Statutes § 52-557n states in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . [t]he negligent acts or omissions of . . . any employee, officer or agent thereof acting within the scope of his employment or official duties. . . ." General Statutes § 52-557n
(a)(1)(A).
Although no appellate case has decided this precise issue,[2]
the argument made by the defendants in the present action has been addressed and rejected by numerous superior courts. SeeBorchetta v. Brown, 41 Conn. Sup. 420, 424, 580 A.2d 1007 (1990) (section 7-465 does not preempt § 52-557n; both statutes can be read together and are not contradictory); Agudelo v. Simoneau, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146157 (May 29, 1998, D'Andrea, J.) (motion to strike denied; plaintiff's action against city under §52-557n for injuries caused by negligent operation of police cruiser by police officer not preempted by § 7-465); Whitfield,PPA v. Town of Enfield, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 572428 (March 10, 1998, Teller, J.) ("`General Statutes [§] 52-557[n](a)(1)(A) permits a direct action against a town for the negligence of its employees, except when the employees are exercising judgment or discretion.'"); Gagliardi v. Consiglio, Superior Court, judicial district of New Haven at New Haven, Docket No. 380916 (September 16, 1997, Zoarski, J.) (section 52-557n(a) "provides that a municipality is liable for the negligence of its employees acting CT Page 4643 within the scope of their employment unless the acts require the exercise of judgment or discretion. . . . A plaintiff injured by the acts of a municipal employee may choose to bring a suit [under § 52-557n] directly against the municipality. . . . Or the plaintiff may choose instead to bring a suit jointly against both the employee and the municipality pursuant to § 7-465."); Wigginsv. Leca, Superior Court, judicial district of Waterbury, Docket No. 125117 (April 23, 1996, Sullivan, J.) (motion to dismiss denied; section 52-557n "provides for a direct cause of action against the municipality as the principal of the negligent agent, akin to the common law doctrine of [respondeat] superior");Levien v. Iron Horse Development, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 50131 (March 26, 1996, Skolnick, J.) (motion to strike denied; plaintiff may sue municipality directly pursuant to § 52-557n and forego suing the municipal official under § 7-465); Nowinski v. Town ofGreenwich, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 111420 (March 16, 1994, Lewis, J.) (motion to strike denied; section "52-557[n](a)(1)(A) permits a direct action against a town for the negligence of its employees, except when the employees are exercising judgment or discretion.");Marotto v. Gaudet, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 450581 (December 3, 1992, Langenbach, J.) (motion to strike denied: "The defendant's argument . . . that this court [should] bar these plaintiffs from bringing an action under it because they may bring an action under § 7-465 is erroneous. Both statutes can be read together and are not contradictory.").
In particular, Lyles v. City of Stamford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340593 (June 11, 1998, Skolnick, J.), is directly on point. In that case, the defendants moved to strike the claims against the city on the grounds that § 52-557n does not provide for a direct cause of action against a municipality for the negligence of its employees and that the doctrine of respondeat superior/vicarious liability is inapplicable against the city except for an action under § 7-465. The court denied the motion to strike, holding that § 52-557n does provide for a direct cause of action against the municipality for the negligence of its employees and that, furthermore, "the plaintiffs may plead causes of action under both § 7-465 and § 52-557n, since each can be read together and are not mutually exclusive."
Similarly, in Agudelo v. Simoneau, supra, Superior Court, CT Page 4644 Docket No. 146157, the plaintiff sued a Stamford police officer and the city of Stamford under § 52-557n(a)(1)(A), alleging that the police officer negligently lost control of the police cruiser he was operating, striking the plaintiff's vehicle and injuring him. The city moved to strike the claims against it, arguing that the plaintiff could not maintain a claim against it under § 52-557n because that statute is preempted by §7-465, which is the exclusive means of imposing liability on a municipal employer for the negligence of one of its employees. Relying on Borchetta v. Brown, supra, 41 Conn. Sup. 424-25, in which it was held that § 7-465 did not preempt § 52-557n, the court denied the motion to strike." "Both statutes can be read together and are not contradictory. Under § 52-557n, a municipality is liable for the negligence of its employees under certain circumstances. Pursuant to § 7-465, an employer must indemnify its employees for judgment rendered against the latter under certain circumstances." Agudelo v. Simoneau, supra, quotingBorchetta v. Brown, supra.
Additionally, the court notes that the Supreme Court has recently indicated that, as a general matter, the remedies available to a plaintiff under §§ 52-557n and 7-465 are distinct and thus cumulative rather than mutually exclusive. In Williamsv. New Haven, 243 Conn. 763, 707 A.2d 1251 (1998), the named plaintiff's minor son was injured by a stream of water coming from a turned on fire hydrant after municipal employees, namely, fire department personnel, failed, despite the plaintiff's repeated requests, to place a locking or antivandalism device on the hydrant. The court reversed the judgment for the plaintiffs, who had sued only the municipality solely on a claim of common law negligence, on the ground that common law governmental immunity barred the action. The court found it significant that at no time throughout the entire course of the litigation did the plaintiff's advance any statute which pierced the municipality's immunity; id., 766; nor did they name any agent, employee or officer of the municipality as a defendant; id., 769. The court specifically pointed to § 52-557n as one means of abrogating the municipality's immunity, thus implying that the statute could be invoked to sue the municipality directly. Id., 767-68. The court also noted that had the plaintiffs named an agent, officer or employee of the municipality, they additionally would have had available to them the remedy of indemnification pursuant to §7-465. Id., 768-69. Although the above language is dicta, it clearly suggests that the statutory remedies under § 58-557n and § 7-465 are not mutually exclusive. CT Page 4645
Thus, because § 52-557n(a)(1)(A) provides for a direct cause of action against a municipality for injuries caused by the negligence of its employees, I conclude that the motions to strike the third and fifth counts of each complaint on the ground that no direct cause of action exists against the Town pursuant to § 52-557n fail.
 B. Fifth Count — Recklessness and § 52-557n
The defendants alternatively argue that the fifth count of each complaint, seeking recovery against the Town pursuant to § 52-557n for injuries caused by the recklessness of the police officer in the operation of his police cruiser, should be stricken on the ground that § 52-557n(a)(2)(A) specifically exempts the Town from liability for injuries caused by thereckless acts or omissions of its employees.[3]
General Statutes § 52-557n(a)(2)(A) provides that "a political subdivision of the state shall not be liable for damages to person or property caused by . . . [a]cts or omissions of any employee, officer or agent which constitute . . . wilful
misconduct . . . ." (Emphasis added.)
"`While [courts] have attempted to draw definitional [distinctions] between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing.'" Bhinder v. Sun Co., 246 Conn. 223, 242 n. 14, 717 A.2d 202
(1998), quoting Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988); see also Elliott v. City of Waterbury, 245 Conn. 385,415, 715 A.2d 27 (1998) (legal concepts of wanton, reckless, wilful, intentional, and malicious conduct indistinguishable);Bauer v. Waste Management of Connecticut, Inc., 239 Conn. 515,527, 686 A.2d 481 (1996) ("A wilful act is one done intentionally or with reckless disregard of the consequences of one's conduct.").
Thus, I conclude that the motions to strike the fifth count of each complaint should be granted on the ground that § 52-557n
(a)(2)(A) exempts the Town from liability for the reckless misconduct of its employees.
 C. Fourth Count — Recklessness and § 7-465
Similarly, the defendants move to strike the fourth count of each complaint, which seeks damages from Wyshynski based on CT Page 4646 reckless operation, and indemnification from the Town pursuant to § 7-465 for any judgment rendered against him, on the ground that § 7-465 specifically excludes indemnification forreckless conduct. Neither the plaintiff or the intervenor counters this argument in their memoranda.
General Statutes § 7-465 provides in relevant part: "Any town, city, or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property . . . if the employee was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty." (Emphasis added.)
As discussed previously, "recklessness is equivalent to wanton and wilful conduct. . . ." Steiger v. Town of Old Lyme, Superior Court, judicial district of New London at New London, Docket No. 510846 (February 25, 1994, Austin, J.), citing Dubayv. Irish, supra, 207 Conn. 533; see also Bhinder v. Sun Co., supra, 246 Conn. 242 n. 14; Elliott v. City of Waterbury, supra,245 Conn. 415; Bauer v. Waste Management of Connecticut, Inc., supra, 239 Conn. 527. Thus, I conclude that the motions to strike the fourth count of each complaint on the ground that there is no obligation to indemnify under § 7-465 when an employees conduct is reckless should be granted, as to the Town, only. The fourth count may stand as to the defendant Wyshynski.
 D. Claim for Relief under § 14-295
Finally, the defendants move to strike the plaintiffs claim for enhanced damages pursuant to General Statutes § 14-295 on the ground that the plaintiff has not pleaded the required elements of such a claim. Section 14-295 provides in relevant part: "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury. . . ." Specifically, the defendants argue that the CT Page 4647 plaintiff has neither "specifically pleaded" that Wyshynski operated a motor vehicle "deliberately or with reckless disregard" in violation of one of the enumerated statutes nor "specifically pleaded" that the alleged violation "was a substantial factor in causing such injury."
The plaintiff's claim for double or treble damages pursuant to § 14-295 is advanced in his prayer for relief and presumably is based on the allegations of recklessness contained in counts four and five. As previously stated, the fourth and fifth counts fail as to the Town on the ground that liability of the municipality pursuant to § 52-557n and its obligation to indemnify pursuant § 7-465 do not extend to the situation where its employee's conduct is reckless. Thus, since the motion to strike counts four and five must be granted as to the Town, the prayer for relief pursuant to § 14-295 as to the Town based on these counts consequently must fail as well. However, I find sufficient allegations in the fourth count, which if proven, would entitle the plaintiff to invoke the double/treble damages provisions of § 14-295. Hence, his § 14-295 claim must stand as to Wyshynski.
 CONCLUSION
For the reasons stated the motions to strike are denied as to the third count and are granted in their entirety as to the fifth count of each complaint. The motions to strike are also granted as to the fourth count and the § 14-295 damages claim for relief as to the defendant Town only, and denied as to the claims against the defendant Wyshynski.
Samuel H. Teller, J.