[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO STRIKE THIRD SPECIAL DEFENSE
This lawsuit arises out of a motor vehicle collision CT Page 6742 involving the plaintiff, Debra Sturgeon and the defendant, Wilbert Peart. At the time of the collision Mr. Peart was employed by the defendant Town of New Milford and was operating a sanding truck in the discharge of his employment duties. The defendants have filed with their answer a special defense stating that the plaintiff's action is barred by the doctrine of governmental municipal immunity under Connecticut General Statutes Section 52-557 in that the defendant was involved in a road sanding operation at the time of the accident. The plaintiff has alleged improper motor vehicle operation.
The Amended Substitute Complaint is drawn in two counts. The first alleges that the plaintiff sustained personal injuries as a proximate result of Mr. Peart's negligent operation of the truck while engaged in his employment duties. The specifications of negligence relate only to Mr. Peart's operation of the motor vehicle, not the performance of road sanding. This is not a defective highway case. The second count targets the defendant Town pursuant to the provisions of Connecticut General Statute Section 7-465 and seeks indemnification for damages proximately caused by its employee's negligence. The action is, accordingly, filed jointly under the provisions of that statutory enactment. Thus the nature of the Town's involvement is by way of an indemnitor for Mr. Peart's conduct.
The defendants have alleged that by virtue of Mr. Peart's being involved in a municipal sanding operation at the time of the subject collision, he and the Town are immune from liability pursuant to the terms of C.G.S. Section 52-557n. Answer to Plaintiff's Amended Substitute Complaint, May 20, 1999, Third Special Defense-All Counts.
Although the immunities of the statute may be available had the plaintiff's action been filed under a defective highway or failure to perform a governmental function theory, there is no such immunity for Mr. Peart for the negligent operation of the New Milford truck. Moreover C.G.S. Section 52-557n itself, the statute which confers general immunity, also provides for liability based upon the negligent acts of a municipal employee.C.G.S. Section 52-557n(a)(1)(A). Unless Mr. Peart was engaged in a discretionary act at the time of his alleged negligence, he is not immune. C.G.S. Section 52-557n(a)(2)(B). Although the conferring immunity from the consequences of negligent motor vehicle operation is self-evident, it is established Connecticut law that the operation of a motor vehicle even a police vehicle CT Page 6743 responding to an accident is a ministerial act which does not carry immunity. Ladd v. Norwalk, 41 Conn. Sup. 402, 405-406
(1990); Borchetta v. Brown, 41 Conn. Sup. 420, 424 (1990). Thus the negligent conduct alleged by the plaintiff is not immunized by the terms of C.G.S. Section 52-557n.
Concerning the defendant Town, it is made a joint defendant pursuant to the explicit provisions of C.G.S. Section 7-465 for indemnity purposes only and by virtue of Mr. Peart's employment status. Additionally, there is a statement filed that the Town will pay any judgment rendered against the employee pursuant to that statute.
For the foregoing reasons, the Third Special Defense is legally insufficient to preclude plaintiff's recovery and the plaintiff's Motion To Strike is granted.
BY THE COURT
HON. WALTER M. PICKETT, JR. Judge Trial Referee