[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE
 I. FACTS
The Plaintiffs, David M. Silver and Hilary Silver, Administrators of the Estate of their late son, Joshua A. Silver, filed a three count complaint dated December 10, 1998, against the Town of West Hartford (town) and town employees James Capodiece, Joshua A. Casey, Jill Procaccini, Rita Leftheris, Kenneth Garrahan and Jean Martin. The complaint alleges the following:
The decedent was a six-year-old child enrolled in a summer recreation program operated by the Department of Leisure Services of the town on or about August 18, 1998. On or about that date, the decedent and other children enrolled in the summer program were transported to Black Rock State Park in Watertown, Connecticut, under the direction and control of the town and its Department of Leisure Services. During this excursion, the decedent was under the control and supervision of the town and its employees. While on the excursion, the decedent drowned in the pond at Black Rock State Park.
The First Count is against the town, brought pursuant to General Statutes § 52-557. The Second Count is against the town employees, acting within the scope of their employment, for negligence. In both counts, the Plaintiffs allege that the drowning death of the decedent was due to the careless and negligent supervision of the Defendants.
The Third Count is against the town, brought pursuant to General Statutes § 7-465. The Plaintiffs allege that the CT Page 13633 drowning death of the decedent was the result of the negligence of the town employees, and that the town is obliged to indemnify the aforementioned employees pursuant to § 7-465.
On April 14, 1999, the Defendants filed a motion to strike the three count complaint and a memorandum of law in support of the motion to strike pursuant to Practice Book § 10-42(a). The Defendants move to strike on the ground that they are immune from liability because the supervision of young children involved in a municipal department summer day camp program required the exercise of judgment or discretion, which is subject to governmental immunity under General Statutes § 52-557n (2)(B).
Pursuant to Practice Book § 10-42(b), the Plaintiffs filed a memorandum in opposition to the motion to strike on April 22, 1999. The Plaintiffs argue that the Defendants are liable for breaches of both ministerial as well as discretionary duties because the decedent was an identifiable victim subject to risk of imminent and severe harm.
The Defendants filed a supplemental memorandum of law in support of the motion to strike dated August 25, 1999. The Defendants argue that the Plaintiffs failed to allege that the Defendants owed a duty of supervision to the decedent or the other children, and therefore the court need not reach the issue of whether any of the three exceptions to the imposition of immunity applies.[1] Furthermore, the Defendants argue that the identifiable person subject to imminent harm exception to governmental immunity does not apply because it has not been incorporated into § 52-557n.
The Plaintiffs subsequently filed a reply to the Defendants' supplemental memorandum on the motion to strike on August 30, 1999. The Plaintiffs argue that the complaint contains sufficient allegations that the Defendants owed a duty to the decedent. Furthermore, the Plaintiffs argue that § 52-557n did not abolish the "identifiable person/imminent harm" exception.
 II. DISCUSSION A.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal CT Page 13634 quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp. , 240 Conn. 576, 580, 693 A.2d 293
(1997). "The court must construe the facts in the complaint most favorably to the [pleader]." (Internal quotation marks omitted.) Id. "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998).
Section § 52-557n (a)(1)(A) provides that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by . . . [t]he negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties." Section 52-557n (a)(2) (B) provides that "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." The Supreme Court has stated that "[§] 152-557n has codified the common law of governmental immunity." Elliott v.Waterbury, 245 Conn. 385, 410, 715 A.2d 27 (1998).
Section 7-465 provides that "[a]ny town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . if the employee, at the time of the occurrence . . . complained of, was acting in the performance of his duties, and within the scope of his employment, and if such occurrence . . . was not the result of any wilful or wanton act of such employee in the discharge of such duty. . . . Governmental immunity shall not be a defense to any action brought under this section."
 B. FIRST COUNT
The motion to strike the First Count is denied because the CT Page 13635 complaint sufficiently alleges facts which, if proved, show that the town had a ministerial duty to supervise the decedent. Even if the duty to supervise was discretionary rather than ministerial, the complaint sufficiently alleges facts which, if proved, show that the decedent was an identifiable-foreseeable victim subject to imminent harm.
"The functions of a [municipality] . . . fall into two classes, those of a governmental [or discretionary] nature, where it acts merely as the agent or representative of the state in carrying out its public purposes, and those of a proprietary [or ministerial] nature, where it carries on the activities for the particular benefit of its inhabitants." (Internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309, 312,505 A.2d 432 (1986). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature . . . Ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." Elliott v. Waterbury, supra,245 Conn. 411; Heigl v. Board of Education, 218 Conn. 1, 5,587 A.2d 423 (1991). "The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.)Burns v. Board of Education, 228 Conn. 640, 645, 638 A.2d 1
(1994); Evon v. Andrews, 211 Conn. 501, 505, 559 A.2d 1131
(1989).
"[A] municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." Elliott v. Waterbury, supra, 245 Conn. 411. "[M]unicipalities and their employees or agents have immunity from negligence liability for governmental acts involving the exercise of judgment or discretion." Id. "Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed discretionary act." (Citation omitted.) Kolaniak v. Board of Education, 28 Conn. App. 277, 281,610 A.2d 716 (1992).
In Shebell v. Town of Branford, Superior Court, judicial district of New Haven at Meriden, Docket No. 259720 (May 6, 1998,Dunnell, J.) (22 Conn. L. Rptr. 134), the plaintiffs alleged in count one of their complaint that the defendant fire department failed to perform certain ministerial acts properly in relation to its duty to respond to a call of fire. The defendants moved to strike count one on the ground of governmental immunity for CT Page 13636 discretionary acts. The court denied the motion to strike, stating that while "the manner chosen to extinguish a fire, the substances used to extinguish the fire, the number of personnel employed to do the job, the equipment chosen, etc." are discretionary in nature, "it is not . . . discretionary as to whether a call will be answered. This is a ministerial function."Shebell v. Town of Branford, supra, Superior Court, Docket No. 259720.
Similarly, in the present case, the Plaintiffs have sufficiently pleaded that it was not discretionary as to whether the decedent, who was a poor swimmer, should have been supervised at the pond. As alleged in the complaint, the town's Department of Leisure Services operated the summer recreation program in which the decedent was enrolled. At the direction of the town, the decedent and other children enrolled in the program were transported to Black Rock State Park in Watertown, Connecticut. During the excursion and at the time of the drowning, the decedent was under the control and supervision of the town employees. Further, the complaint sufficiently alleges that the Defendant town had a duty to supervise the young children under their care, with special attention owed to children who were poor swimmers, such as the decedent.
It is unreasonable for the town to assert that the Defendants had the discretion to judge whether or not to supervise the children at the pond. The supervision of the children was a ministerial duty in that it should have been performed by the town in a prescribed manner without the Defendants having the discretion to decide whether or not they should supervise. Because the supervision of the decedent and the other children at the pond was a ministerial activity, governmental immunity does not shield the Defendants from liability for failing to perform this duty.
In Evon v. Andrews, supra, 211 Conn. 502, however, the court found no error in the trial court's granting the defendants motion to strike count four of the plaintiffs' complaint on the ground of governmental immunity. Evon v. Andrews, supra, 502. The plaintiffs alleged in their complaint that the defendant city and various city officials were negligent in their failure to reasonably, properly and adequately inspect the decedents' dwelling or prescribe remedial action to be taken by the owners. Id., 506. The court concluded that the "plaintiffs do not allege that the defendants failed to inspect the dwelling . . . [but] CT Page 13637 that the defendants failed to make reasonable and proper
inspections of the premises . . . [and that they] failed toconduct adequate inspections. . . . [W]hat constitutes reasonable, proper or adequate inspection involves the exercise of judgment." (Citation omitted; internal quotation marks omitted.) Id. Therefore, the court concluded that the defendants' acts were discretionary rather than ministerial and that the defendants were immune from liability under the doctrine of qualified governmental immunity. Id., 506-07.
It can be argued that the present case is analogous to Evonv. Andrews, supra, 211 Conn. 506, in that the Plaintiffs allege in the complaint that the defendants were negligent in their failure to establish "proper" and "adequate" systems for the supervision and monitoring of the children, "proper" and "adequate" procedures for a buddy system, "proper" and "adequate" adoption, instruction and enforcement of safety rules, "proper" and "adequate" means of informing the staff of the swimming abilities of the decedent and other children and "proper" and "adequate" means of assessing the suitability of the Black Rock State Park swimming area for the young children who were not good swimmers. (Complaint, First Count, ¶ 6 a-u). Although the words "proper and adequate" are used throughout the complaint, all of the alleged negligent acts are ministerial in that they should have been performed in a specific manner. In addition, it should be noted that the court in Shebell v. Town of Branford, supra, Superior Court, Docket No. 259720, in denying the motion to strike, did not place such emphasis on the use of the word "properly" in the plaintiffs' complaint, which alleges that the defendants failed to perform certain ministerial acts "properly".
Even if Evon v. Andrews, supra, 211 Conn. 501, is controlling and the defendants' acts were discretionary, the Defendants' motion to strike still must be denied. The Plaintiffs have pleaded facts which, if proven, places the victim in the class of an identifiable-foreseeable victim subject to imminent harm.
There are three recognized exceptions to qualified governmental immunity for discretionary acts. "[F]irst, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal officer for failure to enforce certain laws . . . and third, where the alleged acts involve malice, CT Page 13638 wantonness or intent to injure, rather than negligence." Purzyckiv. Fairfield, 244 Conn. 101, 108, 708 A.2d 937 (1998); Burns v.Board of Education, supra, 228 Conn. 645; see Evon v. Andrews, supra, 211 Conn. 505.
The only relevant exception in the present case is that which permits liability in circumstances where there is an identifiable person subject to imminent harm. The court has "construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims."Purzycki v. Fairfield, supra, 244 Conn. 108; Burns v. Board ofEducation, supra, 228 Conn. 646. In Purzycki v. Fairfield, supra,244 Conn. 104, the eight-year-old, second grade student-plaintiff was tripped by another student in an unsupervised hallway while on his way to the playground, resulting in the plaintiffs injuries. The plaintiffs conceded that "any duty owed by the defendants to the child was discretionary, not ministerial."Purzycki v. Fairfield, supra, 108. The court concluded that there was sufficient evidence for a jury to have found that the student was an identifiable victim subject to imminent harm in a foreseeably dangerous condition that was limited in duration and geographical scope. Id., 109-10. The court noted that "the imminent harm was limited to a one-half hour period each day when the second grade students were dismissed to traverse an unsupervised hallway, when school administrators were aware that unsupervised children are more likely to run and engage in horseplay leading to injuries." Id., 111.
In Burns v. Board of Education, supra, 228 Conn. 650, "the plaintiff school child slipped and fell due to icy conditions on a main access way of the school campus, during school hours, while the child was compelled by statute to be on those school grounds." The plaintiffs alleged that the defendants were negligent in their maintenance of public school grounds during school hours. Burns v. Board of Education, supra, 642. The court noted that "children require special consideration when dangerous conditions are involved." Burns v. Board of Education, supra, Conn. 650. The court concluded that because "the potential for harm from a fall on ice was significant and foreseeable, . . . the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Id., 650.
The present case is similar to Purzycki v. Fairfield, supra, CT Page 13639244 Conn. 101, and Burns v. Board of Education, supra,228 Conn. 640, in that the decedent was an identifiable victim subject to imminent harm in a foreseeably dangerous condition. "In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Burns v. Board of Education, supra, 647.
The complaint alleges sufficient facts from which, if proven, it can be found that the decedent was an identifiable-foreseeable victim subject to imminent harm. The decedent was only six-years-old. He was allowed to enter the pond although he was not able to take and pass a swim test. Furthermore, the Defendant town did not define an area of appropriately shallow depth in the pond in which the decedent was to enter. (Complaint, First Count, ¶¶ 2, 6 a-u). From these facts, it can be found that the decedent was subject to imminent harm from drowning in the pond because he was allowed to enter water that was too deep for his swimming abilities without proper and adequate supervision. The Defendants should have reasonably foreseen that young children who are not good swimmers, the decedent in particular, could drown in the pond without adequate supervision. Therefore, the motion to strike is denied because the Defendants' supervision of the decedent was a ministerial duty. Even if the Defendants' duty was discretionary, however, the motion to strike must still be denied because the decedent was a foreseeable victim subject to the imminent harm of drowning.
 C. SECOND COUNT
The Second Count is nearly analogous to the First Count, except that it is brought under the doctrine of negligence against the town's employees James Capodiece, Joshua A. Casey, Jill Procaccini, Rita Leftheris, Kenneth Graham and Jean Martin. For the same reasoning in denying the motion to strike the First Count, the motion to strike the Second Count is also denied. The complaint sufficiently alleges facts which, if proven, show that the employees of the town had a ministerial duty to supervise the decedent. Even if the duty to supervise was discretionary rather than ministerial, however, the complaint sufficiently alleges facts which, if proven, show that the decedent was an identifiable-foreseeable victim subject to imminent harm. CT Page 13640
As stated previously, the complaint alleges that during the excursion to Black Rock State Park and at the time the decedent drowned, the decedent and the other children were under the control and supervision of the named employees of the town. The employees' supervision of the decedent was a ministerial duty in that it should have been performed in a prescribed manner without the exercise of judgment or discretion. Therefore, the Defendants' motion to strike is denied because "a municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Elliott v.Waterbury, supra, 245 Conn. 411; Purzycki v. Fairfield, supra, 107; Burns v. Board of Education, supra, 645; see also Evon v.Andrews, supra, 505.
Even if the duty to supervise the decedent was discretionary, however, the complaint sufficiently alleges facts from which, if proved, it can be found that the decedent was an identifiable-foreseeable victim subject to imminent harm. The Defendant employees should have reasonably seen that the decedent and similar young children who were not good swimmers, could drown in the pond without adequate supervision. Thus, because the decedent was an identifiable-foreseeable victim subject to imminent harm from drowning, the Defendants' motion to strike on the ground of governmental immunity is denied.
 D. THIRD COUNT
Having denied the motion to strike as to the First and Second Counts, the motion to strike must be denied as to the Third Count. "[P]laintiffs may plead causes of action under both [§]7-465 and [§] 52-557n, since each can be read together and are not mutually exclusive." Perry v. Wyshynski, Superior Court, judicial district of Hartford at Hartford, Docket No. 578148 (April 9, 1999, Teller, J.). If the Defendant town employees, acting in the performance of their duties and within the scope of their employment, are found liable for the negligent supervision of the decedent, they shall be indemnified by the town pursuant to § 7-465. See Borchetta v. Brown, 41 Conn. Sup. 420, 424,580 A.2d 1007 (1990) ("Pursuant to § 7-465, an employer must indemnify its employees for judgment rendered against the latter under certain circumstances").
 III. CONCLUSION
CT Page 13641
For the foregoing reasons, the motion to strike the First, Second and Third Counts is denied.
David L. Fineberg Superior Court Judge